THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* REUBEN LEVINS, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Department, September 6, 1934.

*Reuben S. Levins,* for the appellant.

*William C. Dodge, District Attorney* [*Irving J. Tell* of counsel], for the respondent.

KERNOCHAN, P. J. This is an appeal from a judgment of conviction for a violation of section 18 of article II of the traffic regulations issued by the police department.

Section 18 regulates the parking of motor vehicles.

The power to make these regulations is given to the police department by section 315 of the Greater New York Charter, and a violation of these rules and regulations is triable by a city magistrate. (Greater N. Y. Charter, § 315, as amd. by Laws of 1932, chap. 562.) The magistrate, therefore, had jurisdiction of the subject-matter of the complaint.

It is contended that the magistrate never obtained jurisdiction of the person of the appellant in that the summons was not personally served upon him. The appellant never appeared in court, but was represented by counsel appearing specially to test this question of jurisdiction.

The summons was served by placing what is called a summons tag on the door handle of appellant's car as it was parked in front of premises 5 East Thirty-second street in the county of New York.

The only question before us is: Was this service sufficient to give the Magistrates' Court jurisdiction of the person of the appellant, for, without obtaining jurisdiction of the person, the judgment appealed from would not be valid.

This service is authorized by subdivision a of section 116 of the Inferior Criminal Courts Act and it is a legal service.

Section 116 and its various subdivisions provide for the issuance of summonses in lieu of warrants, and outline the procedure a magistrate shall pursue in their service and disposition. Nowhere in this section is it stated that the service of a summons confers upon the magistrate any jurisdiction over the person of the defendant. Indeed there is no penalty or punishment prescribed for a failure to obey the summons. The summons itself reads as follows:

" CITY MAGISTRATES' COURT OF THE CITY OF NEW YORK

" ....................District

" *In the name of the People of the State of New York:*

" To...............................................................

" An information having been presented to this court that you have committed the crime or offense of (here briefly state nature of

offense), you are hereby summoned to appear before me or the city magistrate holding this court, at (location of court), on the ............day of............... 19.... at......o'clock...M. at which time an investigation will be made of said charge; and an opportunity will be given to you to answer it. Your failure to appear at the time and place mentioned may result in the issuance of a warrant for your arrest without your first having had an opportunity to be heard.

" Dated at...............

the......day of........

" ................................

" *City Magistrate.*"

Subdivision g says: " If the person summoned does not appear, the magistrate may inquire and investigate into the subject matter of the charge and may issue a warrant for his arrest for the crime or offense charged in the information."

From this we must conclude that the service of a summons is merely a notice to a person that an information has been presented to the court charging the commission of a stated crime or offense, and offers the person an opportunity to appear and answer it. If the person summoned appears then the court is in a position to obtain jurisdiction of the person of the one summoned. If he does not appear this failure may result in the issuance of a warrant.

In the case at bar the special appearance of the appellant by counsel did not confer on the court jurisdiction to try the case on its merits. It was the court's duty when this special plea was made to inquire into the facts and if justified to issue a warrant for the arrest of the appellant.

The judgment is, therefore, reversed on the law, facts not examined as they are not in issue, and the fine ordered refunded to the appellant.

McINERNEY and HERBERT, JJ., concur.