OPINION OF THE COURT
Leona Freedman, J.
On June 4, 1985 a criminal summons was issued to MacFarlene Company for the defendant’s failure to "renew hoist-way doors” and to "provide interlocks” (alleged violations of Administrative Code of City of New York §§ C26-105.1, C26105.2, RS 18-1). On June 6, 1985 two criminal summonses were issued to Robert McFarlan(e) for "no permits” (alleged violations of Administrative Code § C26-114.1). All summonses were "served” by personal delivery to Sean Heverin, whose relationship to the subject premises is not entirely clear.
All three cases have appeared on the Summons Part Calendar on a number of occasions. It appears from the court file that at no time have the defendants personally appeared before this court. This was confirmed by an oral representation made by defendants’ counsel. The minutes for the first court date for the MacFarlene Company case show that Corpo *71 ration Counsel requested an adjournment for the defendant. The minutes for the first court date for the McFarlan(e) cases indicate that private counsel, Jarblum, Solomon & Fornari, P. C., appeared on defendants’ behalf. Also of note is that at no time were defendants arraigned nor did they enter pleas.
ISSUES
Defendants move to dismiss the information herein based upon two grounds:
1) Lack of jurisdiction because of improper service, and
2) Improper parties.
LAW
1) Defendants contend that service of the criminal summonses herein was defective. However, service of a criminal summons — properly or improperly — does not give a court jurisdiction over a particular case. (People v Levins, 152 Misc 650 [Ct of Special Sessions, App Pt, 1st Dept 1934]; People v Consolidated Edison Co., 42 Misc 2d 422 [City Ct, New Rochelle 1964].)
In order for a court to give judgment in a criminal case, it need only obtain jurisdiction over the subject matter and over the person. (Matter of Lurie v District Attorney of Kings County, 56 Misc 2d 68 [Sup Ct, Kings County 1968].) Therefore, the issue before this court is not whether the service of the summonses was invalid — as alleged by defendants — but whether the court had jurisdiction over the subject matter and the person of the defendants. As it was stated by Judge William Ringel in the case of People v Sessa (43 Misc 2d 24, 26 [Crim Ct, NY County 1964]): "There is * * * ample authority for the conclusion that where the court has jurisdiction of the offense, the manner or means by which the defendant is brought before the court is immaterial and of little importance.” (See also, People v Haber, 20 Misc 2d 272 [Ct of Special Sessions, App Pt, 2d Dept 1959].)
A criminal court obtains jurisdiction over the offense charged by the filing of an information and complaint. (People v Grant, 16 NY2d 722 [1965]; People v Rodman, 65 Misc 2d 123 [Crim Ct, NY County 1970, Shalleck, J.], revd on other grounds 71 Misc 2d 352, affd 32 NY2d 821.) In the case at bar, the People allege and the defendant does not controvert that the respective informations were filed on or about July 25, *72 1985 and on or about August 1, 1985. Therefore, this court does have jurisdiction over the subject matter.
The only question remaining is whether this court ever obtained jurisdiction over the defendants McFarlan(e) and MacFarlene Company. Jurisdiction over the person of the defendant is acquired when the defendant appears before the court. (People v Grant, supra; see also, People v Rockwell, 38 Misc 2d 645 [Crim Ct, NY County 1963, Shalleck, J.].) As stated in the facts above, it appears that the defendants herein never personally were before the court. Defendants’ only representation in court was by private counsel or by Corporation Counsel itself. Therefore, I find that this court never obtained jurisdiction over the person of the defendants. As stated in People v Levins (supra, p 652): "[An] appearance of [defendant] by counsel did not confer on the court jurisdiction to try the case on its merits.”
However, my decision that this court does not as yet have jurisdiction over the defendants does not dispose of this motion. Defendants have not shown — and I cannot find — any case law that would authorize me to dismiss this case because of a lack of jurisdiction. (See, e.g., People v Diamond, 41 Misc 2d 35 [App Term, 2d Dept 1963].)
The defendants, as shown by the fact that they have never defaulted on any court dates and have submitted their own affidavit in support of this motion, obviously received notice of these criminal proceedings. Notice is, of course, the "primary function” of a criminal summons. (City of Buffalo v Neubeck, 209 App Div 386 [4th Dept 1924].) Since the only thing standing between the court’s obtaining jurisdiction over the defendants is their failure to appear personally, I direct their appearance in this court. (See, People v Bloomenstiel, 48 Misc 2d 771 [Crim Ct, NY County 1965, Shalleck, J.].) Defendants’ failure to appear will result in the issuance of warrants for their arrest.
Accordingly, the motion to dismiss based on a lack of jurisdiction is denied.
2) Defendants’ motion based on wrong party defendants is premature. Ownership of the subject premises is an issue of fact that should be determined at trial. Ownership, as an element of this crime, will have to be proved beyond a reasonable doubt by the People. The affidavits and exhibits in support and opposition to this motion merely confuse the issue as to who is the owner of the subject premises.
*73 Accordingly, the motion to dismiss based on wrong party defendants is denied without prejudice to renewal at trial.
The case is adjourned to SAP II on November 15, 1985. Clerk to notify the People, defendants and defendants’ attorney.
I now order a warrant and stay it until the adjourn date, November 15, 1985.