OPINION OF THE COURT
Alan J. Meyer, J.
Defendant moves to dismiss People’s complaints on the ground that People failed to prosecute within 90 days as required by law.
On December 6, 1985 defendant, Paul D’Alessio, was arrested and charged with operating a motor vehicle while *1006 intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), leaving the scene of an accident (Vehicle and Traffic Law § 600) and resisting arrest (Penal Law § 205.30). At the time of the arrest, D’Alessio was given a desk appearance ticket (DAT) with a return date of January 10, 1986.
On January 10, 1986 defendant came to court in response to the DAT but the arresting police officer failed to appear and the People were not otherwise prepared to file an accusatory instrument. Defendant was told to return to court on February 6, 1986. On that date, the People were still not prepared to file the accusatory instrument and defendant was told to return to court on March 6, 1986.
On March 6, 1986, the accusatory instrument was filed and D’Alessio arraigned. The matter was then adjourned to March 27, 1986, time chargeable to the People for a corroborating affidavit. March 27, 1986 the case was adjourned to April 16, 1986 for defendant’s motions and on April 16, 1986, it was adjourned to May 1, 1986 for People to respond to defendant’s motions but on that date, the court adjourned the matter to May 15, 1986 for a Huntley hearing. The People were not ready on May 15th and the matter was adjourned to May 30, 1986 at which time the People were still not ready and the action was again adjourned to June 5, 1986. D’Alessio requested an adjournment on June 5th, and on June 24, 1986, he submitted this motion to dismiss on speedy trial grounds.
The speedy trial guarantee embodied in the CPL is intended to ensure fair treatment of every accused person awaiting trial and serves society’s interests in seeing those accused of crime being quickly brought to justice. (People v Anderson, 66 NY2d 529, 534.) Under the law, if the People are not ready within the time limits provided by statute, defendant’s motion to dismiss must be granted (CPL 30.30 [1]). Here, all of the crimes charged against defendant are misdemeanors, at least one of which is punishable by a sentence of imprisonment of more than three months and, therefore, the People are obligated to answer ready for trial within 90 days of commencement of the action (CPL 30.30 [1] [b]).
The question arising from the instant case is, for purposes of determining speedy trial, when does the action commence in a criminal case where defendant was not arrested and brought before the court but merely served with an appearance ticket requiring him to appear in court on a given day.
The CPL defines a desk appearance ticket as "a written *1007 notice issued by a public servant requiring a person to appear before a local criminal court in connection with an accusatory instrument to be filed against him therein.” (CPL 1.20 [26].) An accusatory instrument is defined as "an indictment, an information, a simplified information, a prosecutor’s information, a superior court information, a misdemeanor complaint or a felony complaint” (CPL 1.20 [1]).
The relevant sections of law applicable to the facts herein are CPL 150.50 and 30.30 (5) (b). These sections give rise to the question, whether the filing of an accusatory instrument is necessary to commence a criminal action in which the defendant was issued a DAT.
CPL 150.50 (1) states: "A police officer or other public servant who has issued and served an appearance ticket must, at or before the time such appearance ticket is returnable, file or cause to be filed with the local criminal court in which it is returnable an information, a simplified information or a misdemeanor complaint charging the person named in such appearance ticket with the offense specified therein”. On its face, CPL 150.50 appears to support the general rule that a criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20 [17]). The CPL definition of a DAT seems also to suggest that the issuance of an appearance ticket, standing alone, does not commence a criminal action, but that the DAT must be followed by the filing of an appropriate accusatory instrument which would then commence the action (McClellan v New York City Tr. Auth., 111 Misc 2d 735 [1981]). See also, People v Rodriguez (90 Misc 2d 356 [1977]) which held that an appearance ticket is merely an invitation to appear which gives the court neither jurisdiction of the defendant nor subject matter.
CPL 150.50 must, however, be reconciled with CPL 30.30 (5) (b) which states that for purposes of speedy trial: "Where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket” (emphasis added). This section strongly suggests that a defendant’s appearance in court in response to a DAT commences the criminal action even when there is no filing of an accusatory instrument in connection with such action. A look into the history and purpose of CPL 30.30 (5) (b) is important to the understanding of this section.
Prior to May 1982, CPL 30.30 (5) (b) read: "where a defen *1008 dant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date such appearance ticket is returnable in a local criminal court”. At that time, a defendant served with a DAT could fail to appear in court on the return date of the DAT and courts could and would rule that the speedy trial time began to run against the People from the date defendant was required to appear, even though he may have failed to do so. A case in point is People v Colon (110 Misc 2d 917 [1981]) in which a New York City Criminal Court dismissed People’s DAT complaints against defendant on the grounds that People failed to convert the complaints to informations within 90 days. The court dismissed the complaints notwithstanding the fact that defendant failed to appear at the time each DAT was returnable and remained absent until approximately one month before making his motion to dismiss the complaints.
Colon was subsequently reversed by the Appellate Term (People v Colon, 112 Misc 2d 790) but in response to the Criminal Court’s decision in that case, the Legislature, in May 1982, amended CPL 30.30 (5) (b) to start the running of the "clock” of the time within which a trial must commence for a defendant issued a DAT. So, notwithstanding the seemingly overwhelming support of the view that mere issuance of a DAT, without more, cannot constitute commencement of a criminal action (McClellan v New York City Tr. Auth., 111 Misc 2d 735, 738 [1981], supra) that view is questionable in light of CPL 30.30 (5) (b), as amended in May 1982, which clearly states that, for purposes of speedy trial, in an action where defendant has been served with an appearance ticket, that criminal action must be deemed to have commenced on the date the defendant first appears in response to the ticket. Thus, it appears that a limited exception was created to the general rule that the filing of an accusatory instrument is necessary to commence a criminal action.
If this court adheres strictly to the concept that 30.30 time does not begin to run until the actual filing of an accusatory instrument, the court would, in effect, be stating that CPL 150.50 is a toothless statute. One must assume, therefore, that the Legislature, in its infinite wisdom, had a reason for not only writing that statute, but also for not amending or totally repealing same when section 30.30 (5) (b) was amended in 1982. The argument that the Legislature forgot about this statute is appealing but the court gives the Legislature more credit than such argument would presuppose. Furthermore, in *1009 enacting a statute, the Legislature is presumed to act with deliberation and with knowledge of existing statutes on the same subject (McKinney’s Cons Laws of NY, Book 1, Statutes § 222). Therefore, if the People do not come forward with an accusatory instrument by the return date of the DAT, even though CPL 150.50 says that they must, and the defendant appears on the return date in response to the DAT, there must be some sort of sanction for People’s failure under the statute. This court believes that there are a number of options for the court to consider.
One option available to the court is dismissal on the return date of the DAT. Since there is no accusatory instrument before the court, however, there seems to be no basis for this remedy. Furthermore, even if it were permissible, dismissal appears to be too severe a sanction or remedy at this stage of the proceeding.
Invoking the Statute of Limitations is another option before the court. This alternative would, however, prove to be ineffective. Pursuant to the CPL, the prosecution of a misdemeanor must be commenced within two years (CPL 30.10 [2] [c]) and a petty offense (CPL 1.20 [39]) must be commenced within one year (CPL 30.10 [2] [d]). To allow the District Attorney such great leeway in time to decide when to file an accusatory instrument after an arrest, appears grossly unjust to the accused and, therefore, the Statute of Limitations alternative is an unacceptable remedy.
A third, and what seems to be the most appropriate, alternative available to the court is to invoke CPL 30.30, the speedy trial statute. This seems to be the most fair and reasonable alternative. Under CPL 30.30, the People have 90 days on an A misdemeanor and 60 days on a B misdemeanor to prosecute a defendant.
To prevent improper usage of this decision, the court should note that a return to Colon (supra) is not advocated. Conceivably, there can be consent adjournments beyond the original return date (e.g., defense counsel is unavailable and requests that the People hold off calendaring until a future date; possible investigation which defendant consents to, etc.). Also, if a defendant does not appear on the original return date of a DAT, whether or not the People have filed an accusatory instrument, the "clock” will not begin to run until defendant appears in the case before the court. There is no question that the defendant in this case appeared ready to proceed on the *1010 return dates of the DAT but that the District Attorney was not ready. The court takes note of the fact that any adjourned dates in the complaint room are chosen by the District Attorney and, in fact, the original return date of the DAT is chosen by the Police Department. Thus, the People, in effect, automatically get a 30-day (the approximate time between arrest and return date of a DAT, although this time is even greater in some counties) excludable adjournment to facilitate the filing of an accusatory instrument with necessary corroborating affidavits and/or lab reports at the arraignment, a situation which rarely occurs when a DAT is not issued. Defendant’s benefit in getting a DAT is quick release from the police station, usually within hours, rather than having to wait anywhere from 12 to 36 hours in a crowded jail cell waiting to go before a Judge.
In the instant action, defendant’s right to a speedy trial, as guaranteed by the CPL, attached on January 10, 1986 since that was the date he first appeared in the criminal court in response to the DAT. Defendant’s motion to dismiss was made on June 24, 1986, the 165th day of this proceeding and, thus, he has made a prima facie showing of undue delay of more than 90 days. (People v Berkowitz, 50 NY2d 333; People v Richberg, 125 Misc 2d 975 [1984].) Unless the People, by establishing statutory periods of exclusion, show that they are not chargeable with delay in excess of 90 days, the court must dismiss the action against D’Alessio (CPL 30.30 [4]; 170.45, 210.45; People v Berkowitz, supra; People v Richberg, supra).
In the instant case, the People concede 56 postarraignment days as chargeable time. Based on the foregoing decision, the court further determines that an additional 55 days (Jan. 10, 1983 — Mar. 6, 1986) as chargeable.
The court, therefore, finds that the People have failed to show that they are not chargeable with delay in excess of 90 days. Accordingly, defendant’s motion to dismiss the charges of Vehicle and Traffic Law § 1192 (2), (3) and § 600 is granted on the grounds that People failed to satisfy their obligation under CPL 30.30 to answer ready for trial in a timely manner.