OPINION OF THE COURT
Jo Ann Ferdinand, J.
Defendant is charged with reckless driving (Vehicle and Traffic Law § 1190) and two counts of driving while intoxi *575 cated (Vehicle and Traffic Law § 1192 [2], [3]), all class A misdemeanors. He has moved pursuant to CPL 170.30 (1) (e) and 30.30 to dismiss this criminal action claiming that his statutory right to a speedy trial has been denied.
This case raises an issue of first impression: Whether a criminal action commences for speedy trial purposes on the date a defendant first appears in court in response to a desk appearance ticket (DAT) even if the People do not file the accusatory instrument until a later date. Every day in the Arraignment Part of the New York County Criminal Court, defendants appear in response to DATs and are told to return on future dates because the arresting police officer or civilian witness has failed to appear to sign the criminal court information. These adjourned dates are set without regard to whether or not the time is chargeable to the People for speedy trial purposes.
FACTS
The defendant, John Vescur, was arrested on May 2, 1986 and given a DAT, pursuant to CPL article 150, which was returnable in Criminal Court on May 20, 1986. It is uncontroverted that defendant appeared in court on May 20 but the arresting police officer was not present and defendant was directed to return on June 3, 1986.[1] On June 3 defendant again appeared in court and was arraigned on a misdemeanor complaint which had been sworn to and signed by the officer on May 30, 1986. The case was adjourned to July 1, 1986, for the People to file the corroborating affidavit required to convert the complaint to an information.
On June 19, before the corroborating affidavit was filed, defendant filed and served omnibus motions.
On July 1 the case was again adjourned for the People to file the corroborating affidavit.
The corroborating affidavit of Chein Sams was filed with the court on July 21. The case was adjourned to July 31 and again to August 8 for the People to respond to defendant’s motion. On August 8 the People filed a response and the case was then adjourned for the court’s decision.
On September 4 the court granted discovery to the extent of *576 the People’s response and ordered Mapp and Huntley hearings. The People were not ready for the hearings on September 24 and requested a two-week adjournment. At the request of defendant a longer adjourned date was selected. The People were not ready for the hearings on October 17 and the case was adjourned for defendant to file the instant motion which he did on October 27. The People responded on November 3 and the case was adjourned for decision on defendant’s speedy trial motion.
CONCLUSIONS OF LAW
Pursuant to CPL 30.30 (1) (b), the People are required to be ready to proceed to trial within 90 days of "the commencement of a criminal action”. Thus, the first issue before the court is a determination of when this action commenced for purposes of calculating speedy trial time.
The People contend that the action commenced on June 3, the date the accusatory instrument was filed and defendant was arraigned. Defendant argues the time began to run on May 20, the date he first appeared in Criminal Court in response to the DAT.
CPL 100.05 provides that a criminal action is commenced "by the filing of an accusatory instrument with a criminal court” — which occurs at the arraignment. In contrast CPL 30.30 (5) (b), as amended by Laws of 1982 (ch 109), provides that: "Where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket”. Prior to this amendment of CPL 30.30 (5) (b) the People were charged, for speedy trial purposes, from the date the accusatory instrument was filed, regardless of whether or not a defendant appeared in court and was arraigned or a warrant was issued. This amendment changed that rule because it was considered unreasonable to require the People to obtain a prosecutable information and answer ready for trial when the defendant had not appeared or complied with the process. (Bellacosa, 1982 Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30 [1987 Pocket Part], at 52-53.) The section now requires a defendant to actually appear before an action is deemed to have commenced.
Moreover, CPL 150.50 requires a police officer who issues a DAT to file an accusatory instrument with the court "at or before the time such appearance ticket is returnable”.
*577 In the instant case, defendant complied with the process by appearing in court in response to the DAT, but the People did not file the accusatory instrument at that time. To hold that the time begins to run against the People at the time of defendant’s initial appearance is consistent with the purposes of the speedy trial rule. It is the People’s obligation to bring a defendant to trial within the statutory time period after he has been accused of a crime. This situation is no different than if defendant had appeared in court in response to the DAT and the People had filed an accusatory instrument which required amending or further corroboration. Accordingly, the court finds CPL 30.30 (5) (b) creates a specific exception to the general rule of when a criminal action commences.
Therefore, the court finds that the criminal action commenced for speedy trial purposes on May 20, 1986, the date defendant first appeared in Criminal Court in response to the DAT. More than 90 days have elapsed from that date until defendant filed the instant motion without the People having answered ready for trial. Thus, the People bear the burden of demonstrating sufficient excludable time. (People v Berkowitz, 50 NY2d 333 [1980].)
The People filed the accusatory instrument and converted the complaint into an information on July 21, 62 days after the action commenced. Although defendant filed and served motions before the corroborating affidavit was filed, he argues that he did so to avoid unnecessary delay and was not consenting to proceeding without an information. The People point out that the time from filing defense motions until the filing of the corroborating affidavit could be construed as a defense adjournment under People v Worley (66 NY2d 523 [1985]). However, the People concede that the adjournments to corroborate the complaint are chargeable to them. Perforce the People cannot be ready for trial until they have filed a jurisdictionally sufficient information. (People v Colon, 59 NY2d 921 [1983].)
Thus, the 62 days, when the case was awaiting the filing of a corroborating affidavit are charged to the People.
The People requested two adjournments to respond to defendant’s motions. While reasonable adjournments for the People to respond to pretrial motions are excludable (CPL 30.30 [4] [a]), unreasonable delay by the People in responding to pretrial motions prior to a timely announcement of readiness may result in chargeable time. (People v Jones, 105 AD2d 179 *578 [2d Dept 1984]; People v McCaffrey, 78 AD2d 1003 [4th Dept 1980].)
The People were given a reasonable adjournment to respond to defendant’s motions.[2] Thus, the additional eight-day adjournment from July 31 to August 8 is charged to the People as unreasonable delay in responding to defendant’s motions.
The adjournments for court decision and for the Huntley and Mapp hearings are excluded. (CPL 30.30 [4] [a].)
The People were not ready for the hearings on the date set and requested a two-week adjournment. Although the case was adjourned until October 17, only 14 days are charged to the People.
On the next adjourned date, the People were again not ready and are charged with that one day. All subsequent time is excluded as a direct result of this motion. (CPL 30.30 [4] [a].)
Based on the foregoing, the court concludes that 85 days are charged to the People. Accordingly, defendant’s motion to dismiss the information pursuant to CPL 170.30 (1) (e) and 30.30 is denied.

. Defendant asserts that he, along with his attorney, appeared before a Judge in the Arraignment Part of Criminal Court'. The People make no reference to this adjournment in their response. The court’s copy of the DAT confirms that the original date of May 20 was changed to June 3.

. While the adjournment of July 1 to July 21 was for People to file a corroborating affidavit, the People could have also responded to defendant’s motion which was served on June 19. Thus, the People actually had a more than reasonable opportunity of 42 days to respond to defendant’s motion.