*529 OPINION OF THE COURT
Evelyn L. Braun, J.
The defendant is charged with violating Administrative Code of the City of New York §§ 19-122 (sidewalk closing without permit) and 19-105 (unsafe condition).
Based upon the motion papers submitted by the defense and the response papers submitted by the People, the court finds as follows:
The defendant moves for dismissal of both accusatory instruments on the ground that the court lacks personal jurisdiction of the defendant corporation. The defendant contends that it was not served in accordance with CPL 600.10 since the individual actually served with the appearance ticket was not authorized to receive service on behalf of the corporate defendant. The defendant corporation, by its attorney, appeared solely to contest jurisdiction, and the defendant maintains that such appearance does not in itself confer jurisdiction upon the court.
The People contend that once an attorney appears on behalf of a corporate defendant for any purpose, the court obtains jurisdiction over that defendant. In the alternative, the People contend service was effectuated in accordance with CPL 600.10.
CPL 600.10 provides that a corporation shall appear only through an attorney and further provides that an appearance ticket or a summons shall be delivered to one of the officers or agents of the corporation designated in the statute.
In the event a corporate defendant fails to appear, the court may enter a plea of guilty on behalf of the defaulting defendant and impose sentence, provided the court is satisfied that service of the appearance ticket was made pursuant to CPL 600.10. (See, CPL 600.20; People v Eica Constr. Corp., 85 Misc 2d 1026.)
A corporate defendant may move to vacate a guilty plea and the sentence imposed upon the ground of improper service. However, in contrast to civil actions governed by the CPLR, there exists no authority in the CPL for a special or limited appearance by an individual or a corporation solely to contest jurisdiction.
Those provisions of the CPL permitting vacatur of a guilty plea and sentence imposed against a defaulting corporate defendant on the ground of improper service are not inconsis *530 tent with the principle that once a corporate defendant appears by its attorney, the corporation subjects itself to the full jurisdiction of the court. The court may vacate a guilty plea and sentence and proceed with the criminal prosecution.
"The basic, indispensible prerequisites [for] jurisdiction” in a criminal matter are "(1) the proper filing of the accusatory instrument; (2) securing the appearance of the defendant; and (3) arraignment of the defendant — all of which must be accomplished pursuant to law” (People v Myles, 107 Misc 2d 960, 961 [Schoharie County Ct 1981]).
So long as defendant appears, "the manner or means by which the defendant is brought before the court is immaterial and of little importance” (People v Sessa, 43 Misc 2d 24, 26 [Crim Ct, NY County 1964]). Any "defects in the contents, service or issuance of a judicial summons cannot be a jurisdictional impediment to prosecution. People v. Byfield, 131 Misc. 2d 884 (Crim. Ct. N. Y. County 1986); People v. McFarlene Co., 130 Misc. 2d 70 (Crim. Ct. N. Y. County 1985)” (People v Gordon, NYLJ, Aug. 6, 1991, at 24, col 3).
The defendant corporation herein, having never defaulted, has appeared by its attorney, rendering the issue of whether the corporation was ever served with process irrelevant.
Accordingly, based on the foregoing, defendant’s motion to dismiss the accusatory instruments is denied.