■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT VELIE, Respondent. [598 NYS2d 636] —Order unanimously modified on the law and as modified affirmed and matter remitted to Cattaraugus County Court for further proceedings on counts one, three and four of the indictment in accordance with the following Memorandum: County Court properly dismissed the second count of the indictment charging that defendant committed criminal possession of a controlled substance in the fourth degree in violation of Penal Law § 220.09 (5). The undisputed facts in defendant's moving papers show that defendant was served with an appearance ticket requiring him to appear before a local criminal court on February 13, 1991 to answer a charge of criminal possession of a controlled substance in the fourth degree in violation of Penal Law § 220.09 (5); that defendant appeared before the court on that date but the People did not; that an indictment was filed on February 28, 1992 charging him with the same offense set forth in the appearance ticket and with three additional felonies; and that defendant was arraigned on that indictment on March 9, 1992, at which time the People announced the matter ready for trial. For purposes of CPL 30.30, the criminal action on the count of criminal possession of a controlled substance in the fourth degree was deemed commenced on February 13, 1991, when defendant appeared as directed by the appearance ticket (see, CPL 30.30 [5] [b]; *People v Parris,* 79 NY2d 69). The People did not announce readiness until March 9, 1992. Thus, the People failed to announce the case ready within six months of the commencement of the action as required (see, CPL 30.30 [1]). The People's contention that the entire period between defendant's appearance in the local court and the announcement of readiness should be excused because they were waiting for defendant to cooperate as an informant was properly rejected by County Court.

Counts one, three and four of the indictment, however, are reinstated. The affidavit of defendant's attorney, submitted in support of the motion to dismiss, did not assert a factual or legal basis for dismissal of those counts of the indictment not charged in the appearance ticket. No accusatory instrument was filed on or before the return date of the appearance ticket charging defendant with the offenses set forth in those three counts. With respect to those counts, the criminal action commenced with the filing of the indictment *(see,* CPL 1.20 [16]). Further, defendant failed to establish that pre-indictment delay deprived him of due process. (Appeal from Order of Cattaraugus County Court, Kelly, J.—Dismiss Indictment.) Present—Denman, P. J., Pine, Balio, Fallon and Boehm, JJ.