OPINION OF THE COURT
George B. Daniels, J.
The defendant, Kwan Han, is charged with possession of a *247 gambling device (Penal Law § 225.30 [2]). He now moves to dismiss the accusatory instrument on speedy trial grounds pursuant to CPL 30.30.
On August 25, 1994, the defendant was issued a desk appearance ticket (hereinafter DAT) which required him to appear in AR-2 on July 26, 1994. The defendant maintains that he appeared on the return date of the DAT, and since his name did not appear on the court’s calendar, he reported to room M-38, the court’s DAT office. There, the defendant was advised by a Police Administrative Aide (hereinafter PAA) that the People failed to file an accusatory instrument thereby necessitating the adjournment of the case until October 24, 1994. He further contends that he was informed by a PAA on two subsequent occasions, i.e., October 20, 1994 and November 21, 1994, that the case was being adjourned until October 24, 1994 and December 20,1994, respectively as no complaint had been filed. He claims that he again contacted the court’s DAT office on December 20, 1994, January 20, 1995 and February 24, 1995, each time being advised that the case was to be adjourned because the People were unable to proceed. On March 30, 1995, the People finally filed the accusatory instrument which revealed that it had been signed by the deponent on October 19, 1994.
There is a sign on the door of AR-2 instructing a defendant who is unable to find his name on the court’s daily calendar, also posted on the door, to report to room M-38. At the DAT office, a defendant learns whether or not the People have filed an accusatory instrument against him, and if they have not, gives the accused an adjourn date for his case. The defendant is then instructed to contact the personnel in the DAT office, just prior to the adjournment date, to determine whether the People have filed the necessary papers and if not, what the new adjournment date will be.
The People do not contradict defendant’s chronology of events nor do they claim that the defendant did not comply with the court-established procedure for handling undocketed DAT’s. Rather, they argue that the defendant failed to present himself in AR-2 as required by the DAT, but went instead to the DAT office thereby tolling the speedy trial clock from running.
Since the defendant is charged with an "A” misdemeanor, punishable by a sentence of imprisonment of more than three months, the People are required to be ready for trial within 90 *248 days of the commencement of the criminal action (see, CPL 30.30 [1] [b]; Penal Law § 70.15 [1]). Generally, an action commences, for speedy trial purposes, with the filing of an accusatory instrument (see, CPL 1.20 [17]; 100.05; People v Lomax, 50 NY2d 351). An exception to this rule exists, however, with regard to the commencement of an action where the accused is issued a DAT. Specifically, CPL 30.30 (5) (b) provides, "where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket.” The speedy trial clock begins to run when the defendant first appears in court even if the People do not file an accusatory instrument until a later date (see, People v Parris, 79 NY2d 69; People v Vescur, 134 Misc 2d 574).
The People maintain that the defendant did not fulfill his appearance obligation since he did not appear before the Judge in AR-2 as the DAT directed him to do. Such a position ignores the fact that the court would not call the case as it lacks both in personam and subject matter jurisdiction due to the fact that no accusatory instrument had been filed (see, People v Byfield, 131 Misc 2d 884; People v Rodriguez, 90 Misc 2d 356; see also, People v Goldberg, NYLJ, Dec. 21, 1994, at 24, col 4). It has become common practice for the People not to file a complaint prior to or on the return date specified in the DAT even though required to do so by statute (see, CPL 150.50). In fact, usually an undocketed DAT must be adjourned numerous times covering a period of several months until the People file a complaint. Generally, the delay is attributable to waiting for the deponent to sign the accusatory instrument. In the instant case, however, the deponent signed the instrument on October 19, 1994. Nevertheless, the People did not file it until March 30, 1995, a delay of 162 days. Such a delay constitutes a complete disregard for an accused’s right to a speedy trial. Unfortunately, there is no sanction that may be imposed upon the People for their failure to abide by the dictates of CPL 150.50, and hence an aggrieved defendant has no available recourse (see, People v Fysekis, 164 Misc 2d 627; People v D’Alessio, 134 Misc 2d 1005, 1009; People v Consolidated Edison Co., NYLJ, July 15, 1994, at 27, col 4; contra, People v Consolidated Edison Co., 161 Misc 2d 907).
Instead of requiring a defendant to personally appear on every adjourn date only to find that the People have still not filed an accusatory instrument, the court’s DAT procedure enables a defendant a more convenient manner to deal with the *249 People’s unwarranted inaction. The defendant herein did not merely appear somewhere in the courthouse, rather he followed the instructions posted on the courtroom door (cf., People v Paige, 124 Misc 2d 118). By concluding that the speedy trial time did not begin to run because the defendant went to the DAT room, would in effect penalize him for taking the necessary steps to make himself available to be prosecuted by the People (see, e.g., People v Flores, 151 Misc 2d 185).
In light of the foregoing, the criminal action commenced for speedy trial purposes on July 26, 1994. The court finds that 277 chargeable days have elapsed since the commencement of the action until the filing of an accusatory instrument on March 30, 1995. To date, the People have not declared their readiness for trial. Since more than 90 days of chargeable time has elapsed, the defendant’s right to a speedy trial, pursuant to CPL 30.30, was violated.
Accordingly, the defendant’s motion seeking to dismiss the accusatory instrument on speedy trial grounds is hereby granted.