OPINION OF THE COURT
Troy K. Webber, J.
The defendant, Barry Weaver, is charged with obstructing governmental administration (Penal Law § 195.05) and resist *489 ing arrest (Penal Law § 205.30). He now moves to (1) dismiss the accusatory instrument on speedy trial grounds pursuant to CPL 30.30 and 170.30, (2) compel the People to provide discovery and a bill of particulars, (3) suppress statements allegedly made by defendant or, in the alternative, for a hearing on their admissibility, (4) preclude the People from introducing testimony regarding defendant’s prior criminal history or prior uncharged criminal, vicious or immoral conduct, (5) allow defendant to make additional motions as necessary, and (6) obtain such other and further relief as to this court may seem just and proper.
MOTION TO DISMISS PURSUANT TO CPL 30.30
On January 21, 1995, defendant was issued a desk appearance ticket (hereinafter referred to as DAT) which required that he appear in AR-2 on March 15, 1995. The defendant maintains that he appeared on that date and was directed to the DAT clerk’s office, room M-38, where the matter was adjourned or rescheduled for April 19, 1995. A copy of defendant’s copy of his DAT has been annexed to defendant’s moving papers. Defendant’s copy reflects that the date of March 15, 1995 is crossed out and the date of April 19, 1995 is inserted.
Defendant states that he returned on April 19, 1995 and was instructed to return on May 17, 1995. The People argue that defendant offers no "proof” of this appearance. However, it should be noted that the case was calendared for May 17, 1995 and defendant was arraigned on that date. If defendant did not appear on April 19, 1995, the question becomes, why then did he appear on May 17, 1995.
Defendant argues that his "appearance” on March 15, 1995 constituted an "appearance” for the purposes of CPL 30.30 (5) (b), and that the speedy trial clock began to run from that date.
The People, while apparently not disputing the facts as alleged by defendant, argue that defendant’s presence at the DAT clerk’s office, room M-38, did not constitute an "appearance” for the purposes of CPL 30.30 (5) (b). This court disagrees.
CPL 30.30 (1) (b) provides that the People must be ready for trial within 90 days of includable time from the commencement of the action where the highest level of offense charged is a class "A” misdemeanor. As stated above, defendant is *490 charged, inter alia, with obstructing governmental administration (Penal Law § 195.05), a class "A” misdemeanor.
The pertinent part of CPL 30.30 (5) (b) reads as follows: "(b) where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket.”
Based upon the foregoing, this court finds that defendant "appeared” in response to the DAT on March 15, 1995, and the action commenced on that date. Since the People had 90 days, from March 15, 1995, in which to answer ready for trial and they did not do so until June 23, 1995 — some 130 days later— defendant’s motion to dismiss pursuant to CPL 30.30 is granted. (See, e.g., People v Parris, 79 NY2d 69 [where defendant does not attempt to appear, due diligence on the part of the People need not be shown]; People v Velie, 193 AD2d 1107 [defendant appeared, however, the People were not ready]; People v Vescur, 134 Misc 2d 574; People v Kwan Han, 166 Misc 2d 246 [Crim Ct, Bronx County] [Daniels, J.] [where defendant appeared on the return date of the DAT, the People are charged with the time until an instrument is docketed and defendant is arraigned].)
Unfortunately, this is not the first case where a DAT has resulted in the presence of a defendant without a commensurate arraignment on the charges and, therefore, no official start of the proceedings. For some undisclosed reason, it has become almost common practice for the People not to file a complaint by the return date stated in the DAT.
In response to this problem, the Bronx District Attorney’s office in conjunction with the police department and the court clerk have devised a procedure whereby a sign is posted on the door of AR-2 instructing defendants that if his or her name is not on the calendar then he or she should proceed to room M-38. There, a defendant is told whether an accusatory instrument has been filed. If none has been filed, then the defendant is given another date to return. The defendant is also told that he or she may call the personnel in M-38 prior to the adjourn date to learn whether the accusatory instrument has been filed. If there is no instrument, a new date may be given. Thus, under this procedure, a defendant need not even come to court until he or she is told that an instrument has been filed. These cases have been routinely rescheduled without any regard for the resulting prejudice to the defendant, the complainant, the prosecutor, as well as the People of the State of New York.
*491 In their response to defendant’s motion to dismiss, the People present the novel argument that since an information could not have been filed in room M-38, where defendant was present, defendant did not "appear” pursuant to CPL 150.40 (1) * and 30.30 (5) (b). Rather, the defendant should have gone to AR-2 and announced his appearance on the record. The argument completely ignores the procedure put in place by the District Attorney’s office, the police department, and the court clerk.
Defendant was directed to M-38 by a clearly posted sign on the door of AR-2. Thus, defendant did not merely appear somewhere in the courthouse as the People suggest (cf., People v Paige, 124 Misc 2d 118). Rather, defendant attempted to make himself available for arraignment and prosecution by following the instructions as posted.
Second, defendant was precluded from "presenting” himself in AR-2 and announcing his appearance, since the court lacked both in personam as well as subject matter jurisdiction given the absence of the filing of an accusatory instrument. (See, People v Kwan Han, 166 Misc 2d 246, supra; People v Goldberg, NYLJ, Dec. 21, 1994, at 24, col 4; People v Rodriguez, 90 Misc 2d 356; People v Byfield, 131 Misc 2d 884 [1986].)
The People appear to be suggesting that defendant was to walk into AR-2 and request that the clerk or bridge officer call an undocketed, uncalendared matter so that defendant’s name could be called, defendant would say "here” and then be directed to return on another date to answer still undetermined charges.
In support of this "argument”, the People rely on People v Byfield (131 Misc 2d 884 [1986], supra). In By field, a DAT pursuant to the Administrative Code of the City of New York was issued against defendant Byfield, apparently the owner of a building against which there were Code violations. The DAT, although naming defendant Byfield as the owner of the premises, was personally served upon a Michael Bartz who was apparently a manager or custodian of the premises. On the scheduled return date of the DAT, counsel for Ms. Byfield appeared without Ms. Byfield and moved to dismiss the informa *492 tion on the grounds that the DAT had not been personally served pursuant to CPL 150.40 (2).
The court, when confronted with the facts as outlined above, denied the motion. Its reasoning was twofold: (1) since the service of a DAT, whether proper or improper, does not confer personal or subject matter jurisdiction, its improper service does not afford a basis for dismissing a criminal proceeding for lack of jurisdiction (People v Byfield, supra, at 886, citing People v MacFarlene Co., 130 Misc 2d 70 [Crim Ct, NY County]); (2) since defendant’s attorney and not the defendant herself appeared, in personam jurisdiction was never conferred.
The People appear to be arguing that under Byfield (supra), once a defendant responds to the DAT by coming to AR-2, the court has jurisdiction over his/her person and can then have his name announced in open court in order to note his appearance. This court disagrees with this analysis. It is of the opinion that personal as well as subject matter jurisdiction is not conferred until a defendant is arraigned on the charges.
"Prior to the filing of [an accusatory] instrument the court has no jurisdiction to take any action with respect to the charge or the individual upon whom the ticket was served.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 150.50, at 692.) A court acquires in personam jurisdiction by the filing of an accusatory instrument and defendant’s arraignment on that instrument. (People v Grant, 16 NY2d 722, 723 [1965], cert denied 382 US 975; People v Fysekis, 164 Misc 2d 627 [Crim Ct, NY County 1995]; People v Kwan Han, supra; People v Goldberg, supra.)
However, even assuming that the court would have personal jurisdiction, the fact remains that the People’s own procedure prevents a defendant from entering AR- 2 in order to announce his appearance. The defendant is specifically told not to enter the courtroom, but rather to present himself in room M-38. Are the People asserting that defendants should disregard the instructions which it has put in place?
As stated above, this court finds that the People are charged from March 15, 1995, the date the defendant first appeared on the DAT, to June 23, 1995 — a total of 130 days. Since more than 90 days have elapsed, the defendant’s right to a speedy trial pursuant to CPL 30.30 was violated. Defendant’s motion to dismiss pursuant to CPL 30.30 is granted.
This court need not address the other branches of defendant’s motion.

 As stated in the commentary, CPL 150.40 (1) serves as a coordinating function tying the place where the DAT is returnable to the court where the accusatory instrument is to be filed. Thus, a DAT issued in New York County cannot be made returnable to a Criminal Court in Bronx County. This section does not address where within the courthouse edifice the DAT is returnable and, thus, where the defendant must appear.