*673 OPINION OF THE COURT
Per Curiam.
Order entered November 15, 1995 affirmed.
The narrow issue framed on this appeal is whether a criminal action commences for statutory speedy trial purposes on the date a defendant first appears in court in response to a desk appearance ticket (here, May 23, 1995), in circumstances where the accusatory instrument is neither filed nor the defendant formally arraigned until a later date (here, Sept. 7, 1995). This precise question was squarely presented and answered affirmatively in People v Velie (193 AD2d 1107). There, the Appellate Division, Fourth Department, was faced with the factually analogous situation where the defendant, but not the People, appeared in court on the February 13, 1991, return date specified in a desk appearance ticket, and where an indictment was not filed in the case until February 28, 1992, more than one year later. In those circumstances, the Court unanimously held that the speedy trial clock began to run on the date of the defendant’s initial appearance, stating: "For purposes of CPL 30.30, the criminal action * * * was deemed commenced * * * when defendant appeared as directed by the appearance ticket (see, CPL 30.30 [5] [b]; People v Parris, 79 NY2d 69).” (People v Velie, supra, at 1107.)
Since People v Velie (supra) is the only New York appellate authority on point, Criminal Court followed the correct procedural course in holding it to be binding authority at the nisi prius level. "The Appellate Division is a single State-wide court divided into departments for administrative convenience * * * and, therefore, the doctrine of stare decisis requires trial courts [and the Appellate Term] in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or [the Appellate Division of this department] pronounces a contrary rule” (Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [Titone, J.]).
Measuring speedy trial time in this case from the defendant’s initial May 23, 1995, court appearance, as required by Velie (supra), and adopting the unchallenged determination below that the entire 107-day period of ensuing delay was chargeable to the People, we sustain the grant of defendant’s speedy trial motion (CPL 30.30 [1] [c]).
Parness, J. P., Freedman and Davis, JJ., concur.