■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RODERICK STIRRUP, Respondent. [656 NYS2d 759] —Order, Supreme Court, Bronx County (Eugene Oliver, Jr., J.), entered on or about March 9, 1995, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, is affirmed.

The motion court dismissed the indictment pursuant to CPL 30.30 based on its calculation that 213 days of non-excludable time had elapsed since the commencement of the action. The People's primary contention on appeal is that the court erroneously charged them with the 103-day period between January 22, 1993, the initial return date of the Desk Appearance Ticket ("DAT"), and May 4, 1993, when an accusatory instrument was ultimately filed against the defendant.

The record discloses that defendant appeared at the courthouse on January 22, 1993, the original return date, but was informed by police personnel in the courthouse to return on March 4, 1993 because no accusatory instrument had been filed. Defendant went to court on March 4, and again on April 16, but no accusatory instrument had been filed. On May 4, 1993, a felony complaint was filed charging defendant with forgery in the second degree and related crimes, and he was arraigned thereon.

The motion court found that the entire period between January 22, 1993 and May 4, 1993 was chargeable to the People since, under CPL 30.30 (5) (b), an action against a defendant who has been issued a DAT is deemed to have commenced "on the date the defendant first appears in a local criminal court in response to the ticket". The People argue that, under the Criminal Procedure Law, a criminal action commences "by the filing of an accusatory instrument" (CPL 1.20 [16], [17]), and since none was filed here until May 4, the action could not have commenced, and the speedy trial provisions did not become applicable, prior to that time.

While this Court has yet to address this specific question, the Appellate Division, Fourth Department, has concluded that an action commences when a defendant first appears in court in response to a DAT, notwithstanding the fact that no accusatory instrument has been filed at that time (*People v Velie*, 193 AD2d 1107; *see also, People v Han*, 166 Misc 2d 246 [Crim Ct, Bronx County 1995]; *People v Vescur*, 134 Misc 2d 574 [Crim Ct, NY County 1987]). A recent decision of the Appellate Term, First Department, concurs with this result on constraint of *People v Velie* (*supra*; *see, People v Brisotti*, 169 Misc 2d 672 [App Term, 1st Dept]).

We find that the plain meaning of CPL 30.30 (5) (b) compels the conclusion that the Legislature created a specific exception to the general principle that criminal actions commence upon the filing of an accusatory instrument (*see, People v Brisotti*, 167 Misc 2d 688 [Crim Ct, Bronx County 1995], *affd* 169 Misc 2d 672; *People v Vescur, supra; People v D'Alessio*, 134 Misc 2d 1005 [Crim Ct, Richmond County 1986]).

The People's argument, accepted by the dissent, that the defendant never appeared since he never came before a Judge, is unavailing. It was the failure to timely file an accusatory instrument, and the instructions given to defendant to return to court on a subsequent date, for which the police or prosecutors were solely responsible, which effectively prevented defendant from being arraigned by a Judge on the original return date (*see, People v Han, supra*). Thus, contrary to our dissenting colleague, we find that defendant appeared in response to the ticket within the meaning of CPL 30.30 (5) (b). We further note that given the underlying purpose of the statute in preventing prosecutorial delay, its literal terms should be applied in circumstances favorable to the defendant as well as the prosecution (*cf., People v Parris*, 79 NY2d 69). Accordingly, the 103-day period was properly charged to the People.

As we held on the codefendant's appeal (*see, People v Anderson*, 231 AD2d 459, *lv denied* 89 NY2d 918), the 48-day period between January 14 and March 3, 1994 was includable. The period between May 12 and July 19, 1993, encompassing both pre-indictment delay (*see, People v Cortes*, 80 NY2d 201, 211), and delays in filing the indictment (*see, People v Correa*, 77 NY2d 930), is also includable.

Since the 219 days of includable time exceeds the 184 days permitted in this case, the motion was properly granted. Concur—Milonas, J. P., Ellerin, Williams and Mazzarelli, JJ.

Nardelli, J., dissents in a memorandum as follows: I dissent and would reverse the order of the Supreme Court, deny the defendant's motion to dismiss the indictment pursuant to CPL 30.30 and remand this matter for further proceedings.

Defendant was arrested on December 23, 1992, on charges of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree and given a desk appearance ticket (D.A.T.) returnable in Criminal Court, Bronx County on January 22, 1993. Defendant asserted in his moving papers on this motion that he "appeared" in court on the return date and was told by police personnel to return on March 4, 1993. Again, defendant asserted that he appeared on March 4 and was told by police to return on April 16, 1993. The arresting officer signed the felony complaint on April 16 but the complaint was not yet filed and the case was put over until May 4, 1994, when the accusatory instrument was filed charging defendant with forgery in the second degree and other crimes. The defendant was arraigned on that date. The motion court charged the People with 103 days from January 22, 1993, the date he allegedly "appeared" on the D.A.T. in Criminal

Court, to May 4, 1993, when the accusatory instrument was filed and the defendant arraigned.

The majority of this Court agrees with this finding, reasoning that an action against a defendant who has been issued a D.A.T. is deemed to have commenced "on the date the defendant first appears in a local criminal court in response to the ticket" (CPL 30.30 [5] [b]). However, this misapprehends the import of the word "appears". Mere physical presence by a defendant in a court does not constitute "appearance", but only presence in response to an accusatory instrument. Thus, CPL 150.50 provides that a police officer who has issued an appearance ticket must, at or before the returnable date, file an accusatory instrument in the local criminal court. "An appearance ticket serves solely as a notice to appear: it does not commence a criminal action. The only document that can commence a criminal action is an accusatory instrument; and an appearance ticket is not an accusatory instrument (see CPL § 1.20 subds. 1-8, 17)." (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 150.10, at 678.)

A criminal action is commenced by the "filing of an accusatory instrument" (CPL 1.20 [17]; 100.05; *see,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 100.05, at 208-209). This is not true of an appearance ticket, of which it has been said: "[A]n appearance ticket is merely an invitation to appear. It does not give the court jurisdiction of the defendant or of the subject matter. If a defendant voluntarily appears in court in response to an appearance ticket, a Judge cannot arraign him unless an accusatory instrument has been filed or unless the officer is present to charge him. Moreover, even though a police officer is present to charge a defendant, an accusatory instrument must still be filed." (*People v Rodriguez,* 90 Misc 2d 356, 357-358.)

The majority errs in placing such emphasis on the literal language of CPL 30.30 (5) (b). As pointed out by the People, that section was an amendment to the statute added to address the specific situation where a defendant who is issued an appearance ticket *fails* to show up on the return date for the ticket. It was enacted to insure in appearance ticket cases that the time would not start to run for purposes of CPL 30.30 simply because a complaint had been filed (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, at 171). The Court of Appeals has made this clear by finding, in a case where defendant failed to appear, that this section imposes no obligation upon the People to determine the reason for the defendant's absence or to take any action to

secure his attendance (*People v Parris*, 79 NY2d 69). This case is different since defendant was present but the accusatory instrument had not yet been filed, depriving the Criminal Court of subject matter and in personam jurisdiction over defendant (*see, People v Consolidated Edison Co.*, 161 Misc 2d 907, 911). *People v Velie* (193 AD2d 1107), decided by the Fourth Department, is not contrary. There, it appears that defendant actually appeared before a Judge, and, in any event, the People in that case *did not* contest "appearance" as they do herein.

While defendant has no recourse under CPL 30.30, in case of an inordinate delay (not present herein), a defendant may claim a violation of the Statute of Limitations (CPL 30.10) or a due process violation (*see, People v Singer*, 44 NY2d 241, 253-254).

Since the Court charged the People with 214 days and it is clear that 103 days should be subtracted from this total leaving 111 days, well below the 182 days allowed the People, I do not reach other periods the People argue are excludable.