*378 OPINION OF THE COURT
Lucy Billings, J.
The People have charged defendant Paolo Giusti, the owner of a building at 25 West 35th Street, New York County, with violating Administrative Code of the City of New York §§ 27-366 and 27-542, by operating commercial premises without a secondary means of egress and adequate emergency lighting. He moves to dismiss the accusatory instruments on the ground that the appearance tickets issued to him by the New York City Fire Department were defective. On the People’s behalf the City argues that the defects, if any, do not require dismissal of the accusatory instruments. The City also files a superseding information (CPL 100.50 [2]) charging the violation of Administrative Code § 27-366, which alleges that “defendant, who is the owner of [25 West 35th Street], permitted the subject premises to be operated without a secondary means of egress.”
For the reasons set forth below, the court agrees with defendant in finding the appearance tickets defective, but rejects defendant’s argument that the defects require dismissal and denies his motion. The defects in the appearance tickets do not permit dismissal of the charges.
The Pleadings and Prior Proceedings
According to the informations, about 2:00 a.m. September 15, 1997, Thomas Hennessy, a New York City Fire Marshal assigned to the Fire Department’s Social Club Task Force, inspected a “club” on the second floor of 25 West 35th Street, premises alleged to be owned by defendant. The club, described by Hennessy as a “karaoke bar”, occupies about 600 square feet and contains tables and chairs with a seating capacity of 53. Hennessy determined the club had only a single entrance and the emergency lighting was inadequate. According to the affidavits of service attached to the original accusatory instruments, on November 5, 1997, the Fire Department served defendant with two appearance tickets, number 226441989-1, alleging the violation of Administrative Code § 27-542, and number 226441990-8, alleging the violation of Administrative Code § 27-366. (CPL 150.40 [2].)
The first page of the original informations, titled “Notice of Violation” and “complaint/information”, contains a section captioned “Date of Appearance (criminal court only)” to be filled in by the issuing officer. The section is divided into three *379 empty spaces, the first followed by the words “day of’ and the second by the numerals “19”, obviously to record the appearance date by the day of the month followed by the month of the year. The two instruments directed defendant to appear in “SAP2” (Summons Part 2) of the New York County Criminal Court, 346 Broadway, on the “8 day of 1 1998.” The City appeared in SAP2 on that date. Defendant did not appear, and the matter was adjourned to February 3, 1998, at the City’s request to allow the Fire Department to serve a new appearance ticket on defendant.
On February 3, defendant appeared and was arraigned on the accusatory instruments. He explained that upon receiving the appearance tickets he had not been able to determine when to appear. He had telephoned seeking clarification and been advised to appear on the adjournment date. When he appeared February 3, he moved to dismiss the accusatory instruments, on the ground that the appearance tickets served on him November 5, 1997 provided inadequate notice of the date he was to appear in court to answer the charges.
The basis for defendant’s claim was that the section of the appearance tickets captioned “Date of Appearance” contained only the notations “8”, “1”, and “98” with no indication which of the first two numerals represented the day and which the month. Defendant presented his copies of the appearance tickets, which bear the heavily overwritten but legible notation that defendant was to appear “8 1 98.” Nowhere in the “Date of Appearance” box on his copies, however, are preprinted annotations identifying in which spaces the month and day are recorded. According to defendant the appearance date was unclear and could be interpreted he was to appear August 1, 1998, rather than January 8, 1998. Defendant concludes that because he did not receive adequate notice of his right to appear in court and defend against the charges, the underlying accusatory instruments should be dismissed.
In a letter dated February 4, 1998, defendant further asserts that: “The appearance date on both violations have been obliterated by the N.Y.C. Dept, in charge of processing them and mailing them to me.” The court already examined the documents February 3, 1998, however, and found that despite the overwriting, the numerals were legible.
The Defective Appearance Tickets
Appearance tickets lacking annotations prescribing the order of reference to the month and day permit an uncertainty as to *380 the date an accused must appear in court to answer the charges where, as in this case, neither numeral exceeds the number of months in the year. Such ambiguity implicates defendant’s right to “adequate notice and expeditious resolution of the charges” and “the public’s interest in seeing that criminal and potentially dangerous activity is promptly addressed” (People v DiLorenzo, 149 Misc 2d 791, 794 [Crim Ct, Bronx County 1990]), and violates the statutory requirement that an appearance ticket state “a designated future time” for defendant’s appearance. (CPL 150.10 [1].)
The appearance tickets’ misleading designations in this case failed to give fair notice and undermined “the purpose of appearance tickets: encouraging voluntary appearance and avoiding unnecessary arrests.” (People v Gross, 148 Misc 2d 232, 237 [Crim Ct, Kings County 1990].) Reference to the day before the month in designating the appearance date, without indicating which numeral is the day and which the month, is particularly confusing where, as on the form used here, other dates are written with the month before the day. The People must refrain from using forms containing such defects and take greater care to prepare appearance ticket forms that are less confusing and meet the requirements of CPL 150.10. (See, People v Gross, 148 Misc 2d, supra, at 246.) “The city’s sloppy use of inappropriate forms reflects poorly on the seriousness and professionalism of its Code enforcement.” (Supra, at 237, n 8.)
Defendant is not entitled to dismissal of the accusatory instruments, however, on the sole ground that the appearance tickets’ form permitted uncertainty regarding the date to appear in court and therefore was defective. An appearance ticket is not an accusatory instrument. (CPL 1.20 [1].) It is simply “a written notice issued by a public servant * * * requiring a person to appear before a local criminal court in connection with an accusatory instrument to be filed against him therein.” (CPL 1.20 [26]; see also, CPL 150.10 [1].) It is “an invitation to appear” (People v Byfield, 131 Misc 2d 884, 885 [Crim Ct, NY County 1986]), its purpose being to provide notice of the time and place an accusatory instrument will be filed against the defendant; enable him to appear voluntarily in a noncustodial setting; and spare him the trauma, embarrassment, and inconvenience attendant to a formal arrest. (People v DiLorenzo, 149 Misc 2d, supra, at 794-795; People v Gross, 148 Misc 2d, supra, at 239-240.)
*381 The Criminal Court’s Jurisdiction
Service of an appearance ticket on an accused does not confer personal or subject matter jurisdiction upon a Criminal Court. (People v Byfield, 131 Misc 2d, supra, at 885; People v MacFarlene Co., 130 Misc 2d 70, 71 [Crim Ct, NY County 1985]; People v Gross, 148 Misc 2d, supra, at 239-240.) Unlike their civil counterparts, Criminal Courts acquire personal jurisdiction over defendants by their appearance in court and arraignment on an accusatory instrument, which commences the criminal action. (CPL 1.20 [16], [17]; People v Grant, 16 NY2d 722, 723 [1965], cert denied 382 US 975 [1966].) These events confer jurisdiction “regardless of how that presence is secured.” (People v Brisotti, 167 Misc 2d 688, 691 [Crim Ct, Bronx County 1995], affd 169 Misc 2d 672 [App Term, 1st Dept 1996]; see also, People v MacFarlene Co., 130 Misc 2d, at 71-72; People v Gross, 148 Misc 2d, at 239.) Thus, once defendant appeared February 3, 1998, and was arraigned on the charges, the court acquired personal jurisdiction, notwithstanding that the timing of the appearance may have been at defendant’s discretion and in response to an improperly served or defective appearance ticket. (People v Brisotti, 167 Misc 2d, at 691; People v Benjamin Dev. Co., 155 Misc 2d 528, 530 [Crim Ct, Queens County 1992]; People v DiLorenzo, 149 Misc 2d, supra, at 795; People v Gross, 148 Misc 2d, at 239-240.)
A Criminal Court has no statutory authority to dismiss an accusatory instrument upon a failure to adhere to the requirements for desk appearance tickets in CPL 150.10. (CPL 170.30; People v Brisotti, 167 Misc 2d, supra, at 691; People v Byfield, 131 Misc 2d, supra, at 886; People v Kwan Han, 166 Misc 2d 246 [Crim Ct, Bronx County 1995].) Nor may a Criminal Court bar further compulsory process or the filing of an accusatory instrument against an accused because an appearance ticket employed to secure the defendant’s presence was defective or never served. (People v Fysekis, 164 Misc 2d 627, 628-629 [Crim Ct, Bronx County 1995]; People v Gross, 148 Misc 2d, supra, at 239.) Employment of this device here, in however defective a manner, does not diminish the issuing authority’s power to arrest defendant for the offenses charged. Had defendant elected simply to ignore the appearance tickets the City could have filed the accusatory instruments and obtained a judicial summons or warrant for his arrest. (CPL 120.10 [1]; 130.10 [1]; 150.60; People v Brisotti, 167 Misc 2d, at 691; People v Gross, 148 Misc 2d, at 239.)
*382 Defendant’s Remedies
Defendant is not without remedy for the defective appearance tickets served on him. Normally, a defendant’s speedy trial rights accrue when he first appears in court, even if the accusatory instrument has not been filed. (CPL 30.30 [5] [b]; People v Stirrup, 239 AD2d 109 [1st Dept 1997].) Where an accusatory instrument is filed and the defendant’s appearance is delayed because of a defect in the appearance ticket, however, the prosecution is deemed to commence on the filing date. (People v Brisotti, 167 Misc 2d, supra, at 695; People v DiLorenzo, 149 Misc 2d, supra, at 795.) While the People could have arrested defendant and brought him before the court any time after citing the violations, if they did not and defendant waited to appear until August 1, 1998, because his appearance ticket was defective, the prosecution might be barred on speedy trial grounds. (CPL 30.30 [5] [b]; cf., People v Parris, 79 NY2d 69, 71-72 [1992].)
In addition, had defendant failed to respond to the appearance ticket, he could have been charged with a misdemeanor under Penal Law § 215.58, where the prosecution would have to prove the appearance ticket was served properly. (See also, Penal Law § 215.59.) This court’s finding that the appearance ticket served was defective would constitute a defense to such a charge. (Penal Law §§ 215.58, 215.59; People v Byfield, 131 Misc 2d, supra, at 886, n 2; People v DiLorenzo, 149 Misc 2d, supra, at 795; People v Gross, 148 Misc 2d, supra, at 240, n 11.)
Finally, in a reply affidavit submitted by defendant’s counsel, defendant insists that a mistaken reference to the occurrence date in the City attorney’s affirmation opposing defendant’s motion amounts to an error fatal to the prosecution. The accusatory instruments, not the assertions of counsel for the People, contain the factual bases for the charges. Defendant further insists that the informations should be dismissed as inadequately supported by the evidentiary allegations. Defendant takes issue with the accuracy of the complainant’s description of the premises, the veracity of his observations, and the propriety of his entry and inspection. The court denies the motion to dismiss on these grounds as well. If defendant believes the charges are based on false representations, wrongfully obtained evidence, or other error, these issues are to be raised in a proper motion or at trial.