(June 23, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WILLIAMS, Appellant.—Appeal of a judgment, Supreme Court, New York County (Paul Bookson, J.), rendered on February 21, 1986, convicting defendant of the crime of robbery in the third degree and sentencing him, as a predicate felon, to an indeterminate term of 2½ to 5 years in prison, and further convicting defendant of the crime of robbery in the second degree and sentencing him to an indeterminate term of 4½ to 9 years in prison is held in abeyance, and the matter is remanded for a hearing and findings with respect to defendant's motion to dismiss the charges for failure to grant him a speedy trial. (CPL 30.30.)

The convictions of the defendant grow out of two separate incidents.

The defendant was arrested on October 18, 1984 and charged with robbery in the third degree and grand larceny in the third degree under docket number 4N088830. On October 25, 1984, on motion of the District Attorney, the charges were reduced to the misdemeanors of petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the third degree ([now fifth degree] Penal Law § 165.40). The minutes of the court proceedings of October 25, 1984 are not included in the record on appeal. On November 1, 1984 the People were ready for a *Huntley* and *Mapp* hearing but the case was adjourned to November 5, 1984. On that date *Huntley* and *Wade* hearings were apparently held in the Criminal Court, the *Huntley* and *Wade* motions denied and the case adjourned to November 30, 1984 for trial. On November 30, 1984, the People announced that they were ready for trial but a warrant was issued for defendant's arrest when he failed to answer at the time the case was called. Defendant contends that he appeared late and was told that he would be notified of a new trial date.

On January 26, 1985 defendant was arrested on a new charge of robbery in the first degree. (Docket number 5N008292.) On February 1, 1985 defendant was indicted on the new charge (indictment No. 746/85).

On April 25, 1985 the People apparently served a notice pursuant to CPL 170.20 that the October 18, 1984 charge

would be presented to a Grand Jury. Although defendant had given notice in October 1984, prior to the reduction in the charge, that he wanted to testify before the Grand Jury, he did not repeat the request after the April 25, 1985 notice.

On May 1, 1985 both the October 18, 1984 case and the January 26, 1985 case were presented to a Grand Jury and, on May 2, 1985, an indictment was returned on both cases (indictment No. 3161/85). On May 23, 1985, at a time when the defendant apparently did not have an attorney, the court entered a plea of not guilty on behalf of the defendant and the case was adjourned to June 10, 1985. On that day the People answered ready for trial. The trial did not commence until October 21, 1985.

By a notice of motion dated July 26, 1985 defendant moved to dismiss the indictment for failure to grant him a speedy trial. On September 4, 1985 the motion was denied without specific findings, the court stating that the requirements of CPL 30.30 were satisfied by the People's answer of ready on June 10, 1985.

We remand for specific findings on the speedy trial issue with respect to both charges. Specifically, once the October 18, 1984 charges had been reduced to misdemeanors, the People's time to answer ready was reduced from six months to 90 days. (CPL 30.30 [1] [b].) The issue with respect to the October 18, 1984 charge is whether 90 days were chargeable to the People prior to the presentation of those charges to a Grand Jury in May 1985. With respect to the January 26, 1985 charge, there must be a determination of what dates are chargeable to the People both before and after they answered ready. Concur— Murphy, P. J., Ross, Carro, Milonas and Smith, JJ.