OPINION OF THE COURT
Per Curiam.
Defendant was charged with petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40), both class A misdemeanors, on October 10, 1988 and a desk appearance ticket (DAT) was issued directing him to appear in court for arraignment on October 28, 1988. On October 25, 1988, in a separate proceeding, he entered a plea of guilty in satisfaction of several unrelated charges and was sentenced to a term of imprisonment of six months. Because he was incarcerated on these unrelated charges, defendant did not appear in court on October 28, 1988, the return date of the DAT. A bench warrant for his arrest was issued on October 31, 1988. Defendant was produced in court in connection with this matter *71 and arraigned on March 2, 1989. Defense counsel moved to dismiss the accusatory instrument on speedy trial grounds (CPL 170.30 [1] [e]), arguing that the People had failed to be ready for trial within 90 days of the commencement of the criminal action (CPL 30.30 [1] [b]).
Criminal Court granted defendant’s motion to dismiss, concluding that where an incarcerated defendant does not appear to answer a DAT on the return date, the action is nevertheless deemed to have "constructively commenced” on the date the People learned or should have learned of their obligation to produce the defendant in court (see, People v Felder, 132 Misc 2d 79; People v Anderson, 127 Misc 2d 808). Accordingly, the court charged the 126-day period during which defendant was incarcerated on the unrelated charge — October 28, 1988 to March 3, 1989 — to the People.
The Appellate Term reversed and reinstated the accusatory instrument. The court concluded that for the purposes of CPL 30.30, the prosecution of the accusatory instrument commenced on March 2, 1989, the day defendant first appeared in court for arraignment, and that "delays engendered by the People’s lack of diligence in locating and producing an incarcerated defendant * * * are not relevant in the calculation of statutory speedy trial time under CPL 30.30” (148 Misc 2d 347, 348).
CPL 30.30 (5) (b) provides that where a defendant has been served with a DAT, the criminal action "must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket.” Despite the plain language of CPL 30.30 (5) (b), defendant urges that the accusatory instrument was properly dismissed because the action must be deemed to have "constructively commenced” on the return date of the DAT, and not the date the defendant actually appeared in court because the People knew his location and could have procured his presence in court.
The statute imposes no obligation upon the People to determine the reason for defendant’s absence or to take any action to secure his attendance in order to avoid having the action deemed commenced on the return date of the DAT (efi, CPL 30.30 [4] [c]). No such obligation should be implied. The Legislature made clear that when a defendant who has received a DAT fails to appear in court on the return date, the speedy trial clock does not begin to run until the defendant actually appears in court, regardless of the reason for defen *72 dant’s failure to appear. Thus, Criminal Court erred in charging the 126-day period from October 28, 1988 to March 3, 1989, to the People.
Accordingly, the order of the Appellate Term reinstating the accusatory instrument should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed.