[606 NYS2d 899]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAN DAVIS, Appellant.

First Department, January 25, 1994

APPEARANCES OF COUNSEL

*Jonathan M. Kratter* of counsel *(Philip L. Weinstein,* attorney), for appellant.

*Nancy Paterson* of counsel *(Nikki Kowalski* with her on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for respondent.

## OPINION OF THE COURT

Ross, J.

On this appeal we are called on to decide whether CPL 30.30 (5) (a), which provides that where a defendant is to be tried following the withdrawal of a guilty plea the criminal action is to be deemed to have commenced on the date of the withdrawal of the guilty plea, applies with equal effect in the situation where the defendant is to be tried following the withdrawal of a plea of not responsible by reason of mental disease or defect entered into pursuant to CPL 220.15. For the reasons that follow, we find that just as in the case of the withdrawal of a guilty plea, where the defendant enters a plea of not responsible by reason of mental disease or defect pursuant to CPL 220.15 and then withdraws that plea pursuant to CPL 220.60 (3), the criminal action should be deemed to have commenced on the date of the withdrawal of the the plea of not responsible by reason of mental disease or defect.

Defendant, Joan Davis was arrested on December 3, 1984 after setting fire to the door of her neighbor's apartment at 201 W. 93rd Street. A can containing a flammable liquid was

found inside the defendant's apartment. Residue on the neighbor's door and the floor in front of the door indicated that the fire was set by applying an open flame to a flammable liquid. A felony complaint was filed against the defendant on December 4, 1984. She was indicted on December 21, 1984 and charged with arson in the second degree and arson in the third degree.

The defendant failed to appear for two scheduled court dates and was eventually arrested on a bench warrant and returned to court on April 1, 1985. By order dated April 8, 1985 the defendant was examined pursuant to CPL article 730 and on May 9, 1985 was found not fit to proceed. She was committed to the Department of Mental Hygiene and remained there until October 30, 1985. Defendant was found fit to proceed on November 19, 1985. After substitution of counsel, several adjournments for conferences regarding a possible disposition of the matter and other adjournments based upon the People's lack of readiness, plea negotiations were resumed on June 16, 1986. Between June 16, 1986 and June 2, 1987 the defendant underwent further psychiatric evaluations. On June 2, 1987 Ms. Davis entered a plea of not responsible by reason of mental disease or defect pursuant to CPL 220.15.

On May 18, 1988, after still more psychiatric evaluation conducted pursuant to CPL 330.20, defendant was found to be mentally ill and dangerous. However, the defendant then moved to controvert those findings. The matter was adjourned for a hearing on defendant's motion and then adjourned several more times until August 24, 1988 when the defendant retained new counsel and moved to withdraw her plea of not responsible by reason of mental disease or defect. The matter was again adjourned numerous times for various reasons connected with the disposition of that motion. Shortly thereafter the court recused itself and the case was transferred to a different part.

The hearing on defendant's motion to withdraw her plea finally commenced on January 3, 1989. It was continued three times, adjourned for submission of memoranda of law and adjourned three more times for decision. On April 7, 1989 the court granted the defendant's motion to withdraw her plea of not responsible by reason of mental disease or defect. After several more adjournments for plea discussions, based alternatively on the unavailability of defense counsel and the unavailability of a prosecution witness, the People answered ready for trial on June 22, 1989 whereupon the defendant

moved to dismiss the indictment pursuant to CPL 30.30. Defendant's motion was denied on July 5, 1989 and the defendant's trial commenced on July 6, 1989, more than four years after the filing of the original felony complaint. The defendant was ultimately convicted by a jury of one count of arson in the second degree. She was sentenced to three to nine years in prison and has since been released on parole.

On appeal the defendant challenges the trial court's denial of her CPL 30.30 application, in which the court determined that, for the purposes of a CPL 30.30 motion, the withdrawal of a plea of not responsible by reason of mental disease or defect should not be distinguished from the withdrawal of a not guilty plea. The court's decision was based primarily on its conclusion that, just as with a plea of guilty, the prosecution comes to a standstill once a plea of not responsible pursuant to CPL 220.15 is entered. Defendant's main argument on appeal is that the failure of the Legislature to include a plea of not responsible in CPL 30.30 (5) (a) demonstrates its clear intent to exclude such a plea from the section's purview.

The general rules of statutory construction favor strict interpretation of the language of the statute. The Court of Appeals has stated that a statute " 'must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise'." (Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548-549, quoting Lawrence Constr. Corp. v State of New York, 293 NY 634, 639.) It has also been stated that "[t]he failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended" (Pajak v Pajak, 56 NY2d 394, 397, citing McKinney's Cons Laws of NY, Book 1, Statutes § 74).

However, we cannot apply the rules of strict construction without regard to general statutory scheme, the circumstances of the statute's enactment or the nature of the result dictated by strict adherence to a section's language. The above rules of construction are tempered, therefore, by the rule that literal construction of a statute is to be avoided when such construction would lead to "either a frustration of the over-all design of the Legislature (see, McKinney's Cons Laws of NY, Book 1, Statutes § 111) or an ineffectually absurd result (see, Matter of Long v Adirondack Park Agency [76 NY2d 416,] 421; see also, McKinney's Cons Laws of NY, Book 1, Statutes §§ 144, 145)."

*(Matter of Kelly v Jorling,* 164 AD2d 181, 183, *lv denied* 77 NY2d 807.)

CPL 30.30 was enacted in 1972 (L 1972, ch 184, § 2). Subdivision (5) (a) thereof provides that: "where the defendant is to be tried following the withdrawal of the plea of guilty or is to be retried following a mistrial, an order for a new trial or an appeal or collateral attack, the criminal action and the commitment to the custody of the sheriff, if any, must be deemed to have commenced on the date the withdrawal of the plea of guilty or the date the order occasioning a retrial becomes final". While certain paragraphs of subdivision (5) have been amended over the years since its initial enactment *(see,* L 1982, ch 109, § 1 [subd (5) (b)]; L 1990, ch 209, § 10 [subd (5) (e), (f)]), paragraph (a) has not been changed. The obvious rationale of the rule is that once any of the stated events occurs, the prosecution's preparation for trial must commence again essentially from the beginning. As it relates to the withdrawal of a guilty plea, it is clear that once a guilty plea is entered the prosecution necessarily ceases.

CPL 220.15 enacted in 1980 "as a component of comprehensive revision of the procedures governing the insanity defense, introduced the innovation of a plea in avoidance of criminal responsibility on the basis of mental disease or defect" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 220.15, at 88; L 1980, ch 548, § 4). The effect of a plea entered pursuant to CPL 220.15 on the prosecution of a criminal matter is functionally the same as that of a guilty plea.

In *Matter of Lockett v Juviler* (65 NY2d 182, 184), the Court stated that: "CPL 220.15 creates a procedure resembling plea bargaining but produces a kind of reverse guilty plea. It permits the defendant to enter a plea of 'not responsible by reason of mental disease or defect', if the court and the prosecutor consent (CPL 220.15 [1]). Before accepting the plea, the court must be satisfied that the People could establish all the elements of the crime beyond a reasonable doubt but could not meet their burden of proving defendant's mental responsibility (CPL 220.15 [5] [a], [b]). The statute provides that, if accepted by the court, the plea is equivalent to a verdict finding the accused not responsible by reason of a mental disease or defect (CPL 220.15 [3] [f]). It effectively terminates the criminal proceeding and initiates commitment proceedings of a civil nature (CPL 220.15 [6]; 330.20)."

With the enactment of CPL 220.15, CPL 220.60 was amended in 1980 to cover withdrawal of a plea entered into pursuant to CPL 220.15 (L 1980, ch 548, § 6). Thus, the procedure for withdrawal of a plea of not responsible by reason of mental disease or defect is now the same as the procedure for the withdrawal of a guilty plea. The People correctly point out that the effect of withdrawing a plea of not responsible is the same as that of withdrawing a guilty plea, namely, the restoration of the entire indictment as it existed at the time of such plea (CPL 220.60 [3]).

The posture of the criminal proceeding upon the entry of a not responsible plea is exactly the same as upon the entry of a guilty plea. Moreover, in the case of a not responsible plea as opposed to a guilty plea, the time period within which the plea may be withdrawn may be indefinite as defendant's status is dictated by various psychiatric evaluations required by CPL 330.20. This case demonstrates the protracted course a defendant's evaluation may follow subsequent to the entry of a CPL 220.15 plea. To hold that CPL 30.30 (5) (a) does not require that the criminal action be deemed to have commenced on the date of the withdrawal of a CPL 220.15 plea, would in all cases put an undue burden on the People by requiring them to remain in a state of trial readiness virtually indefinitely. Such a result could not have been intended by the Legislature. Consequently, we find the failure to amend CPL 30.30 (5) (a) to include the withdrawal of a CPL 220.15 plea in its language, upon or shortly after the enactment of CPL 220.15, to have been inadvertent. We hold that the withdrawal of a plea of not responsible by reason of mental disease or defect entered into pursuant to CPL 220.15, has the same effect as the withdrawal of a guilty plea for the purposes of CPL 30.30 (5) (a).

*People v Tychanski* (78 NY2d 909) and *People v Parris* (79 NY2d 69) relied upon by the defendant do not mandate a different result. In both there were rational policy explanations for the application of the statute as written and in both the result achieved was not impractical or incongruous. In *People v Tychanski (supra),* the defendant was arraigned initially on a felony complaint which was later replaced by a misdemeanor indictment. The defendant argued on appeal that the People were required by CPL 30.30 (5) (c) to be ready for trial within 90 days of the filing of the misdemeanor indictment despite the fact that the language of that section omits misdemeanor indictments from the list of accusatory

instruments that will trigger the application of the shorter 90-day speedy trial period.* The Court rejected defendant's argument that, despite the omission, the Legislature nevertheless intended to make a distinction for speedy trial purposes between felonies and lesser offenses and that consequently the 90-day period should apply when a felony complaint is replaced by a misdemeanor indictment. It was held that the language of the statute had to be given effect as written and that the omission was intentional.

While unstated by the Court in *People v Tychanski (supra)*, the rationale for the omission can be explained by the procedural differences between the prosecution of a misdemeanor indictment and the prosecutorial instruments enumerated in the statute. The most notable, as correctly pointed out by the People, is that a misdemeanor indictment is calendared in Supreme Court and handled procedurally like a felony, while a misdemeanor complaint and prosecutor's information, etc., are disposed of in Criminal Court.

Similar policy considerations resulted in the determination in *People v Parris (supra)*, which involved CPL 30.30 (5) (b). CPL 30.30 (5) (b) provides that where a defendant has been served with a desk appearance ticket (DAT), the criminal action "must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket". The defendant, who failed to appear on the return date of the DAT, argued that the accusatory instrument was properly dismissed because the action should have been deemed to have "constructively commenced" on the return date of the DAT, and not the date the defendant actually appeared in court because the People knew of his location and could have procured his presence. The Court held that the statute imposed no duty upon the People to determine the reason for the defendant's absence or to take any action to secure his attendance in order to avoid having the action deemed commenced on the return date of the DAT. The Court

---

* CPL 30.30 (5) (c) provides that "where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor's information or misdemeanor complaint pursuant to article 180 or a prosecutor's information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one [speedy trial purposes] must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument."

stated that "[n]o such obligation should be implied" *(People v Parris,* 79 NY2d 69, 71, *supra).* The practical and policy reasons for the Court's determination are obvious. First among them is that an individual who has received a DAT bears the obligation to appear in court on the return date.

It should not go unnoted that the strict application of both statutes involved in *Tychanski (supra)* and *Parris (supra)* and the interpretation of CPL 30.30 (5) (a) involved herein serve the same over-all policy consideration of ameliorating what would otherwise be an undue burden on the prosecution. Consequently, our determination in this case comports with the holdings in both *Tychanski (supra)* and *Parris (supra).*

Given the above determination, that the criminal action against Ms. Davis is deemed to have commenced upon the withdrawal of her plea of not responsible by reason of mental disease or defect, we find no CPL 30.30 violation. It cannot be disputed that the People answered ready for trial well within six months from the date defendant withdrew her not responsible plea.

We have reviewed the defendant's contentions regarding the prosecutor's summation and find that the claims defendant raises on appeal have not been preserved for review (CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818, 819), and we decline to review them in the interests of justice as they appear meritless.

Accordingly, the judgment of Supreme Court, New York County (Robert M. Haft, J.), rendered September 25, 1989, convicting the defendant, after a jury trial, of arson in the second degree and sentencing her to a term of three to nine years in prison is affirmed.

SULLIVAN, J. P., ROSENBERGER, ASCH and RUBIN, JJ., concur.

Judgment, Supreme Court, New York County, rendered September 25, 1989, affirmed.