[643 NYS2d 532]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW COOPER, Appellant.

First Department, May 28, 1996

APPEARANCES OF COUNSEL

*Frances A. Gallagher* of counsel *(Daniel L. Greenberg,* attorney), for appellant.

*Susan Axelrod* of counsel *(Paul Harnisch* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for respondent.

**OPINION OF THE COURT**

Sullivan, J. P.

This appeal presents the issue of whether, in determining the time in which the People must be ready for trial, the six-

month period provided in CPL 30.30 (1) (a) or the 90-day period provided in CPL 30.30 (1) (b) applies where defendant, initially arraigned on a misdemeanor complaint, is later indicted for the same criminal acts as felonies, not misdemeanors. Since defendant, an 82-year-old man convicted of driving while intoxicated as a felony, also raises a due process claim with respect to the admission of expert testimony, a brief summary of the trial evidence is in order.

On July 24, 1992, at approximately 2:30 A.M., defendant, driving southbound on Broadway in upper Manhattan in his automobile with two passengers accompanying him, attempted to make a U-turn at 139th Street and, in so doing, struck a jeep driven by Dr. Sean McKinley Allen, which was proceeding northbound on Broadway through the intersection with the light in its favor. Defendant's vehicle rebounded onto the concrete island separating the northbound from southbound lanes and came to rest on the passenger's side. Both vehicles were severely damaged and the front seat passenger in defendant's car was knocked unconscious.

When questioned by the responding police officers, defendant responded in speech that was slurred, he had difficulty walking and was unsteady on his feet, he had blood-shot eyes and his breath smelled of alcohol. Concluding that defendant was drunk, the ranking officer at the scene directed one of the officers to arrest him for driving while intoxicated.

After being taken to the precinct, defendant admitted that he had been drinking beer earlier that evening. A breathalyzer test was administered at 4:20 A.M.; a .10 reading was registered. No physical coordination test was conducted. Defendant testified, accounting for his activities that evening. He denied drinking any alcoholic beverages. In fact, he testified, he had not had an alcoholic drink in two or three years.

This prosecution was commenced on July 25, 1992, when the People filed a misdemeanor complaint in the Criminal Court charging defendant with two counts of driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (2) and (3), which are unclassified misdemeanors. Since defendant's arrest record revealed an August 1, 1985 conviction for driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), the People, at defendant's arraignment that same day, served notice, pursuant to CPL 170.20, of their intention to submit the charges to a Grand Jury. The court adjourned the matter to September 9,

1992 for Grand Jury action. Defendant was subsequently indicted on October 27, 1992, charged with two felony counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]), and the case proceeded in the Supreme Court through motions to trial. The People answered ready for trial on March 19, 1993.

On April 19, 1993, defendant moved to dismiss the indictment on speedy trial grounds, arguing that, because he had originally been charged with misdemeanors, the People were required to be ready for trial within 90 days pursuant to CPL 30.30 (1) (b), which, admittedly, they were not. The People argued that when a misdemeanor is converted into a felony, CPL 30.30 (1) (a) is triggered and they must then be ready for trial within six months of the commencement of the action, less any excludable time. The trial court agreed with the People, holding that the underlying structure of the statute makes the six-month period applicable to felonies and the 90-day period to misdemeanors.

The starting point for analysis is the speedy trial statute itself, which, both parties agree, is silent as to the applicable time period for the People's readiness when the misdemeanor complaint commencing the proceeding is superseded by a felony indictment. Two distinct time periods are set forth in CPL 30.30 (1). Dismissal is mandated if the People are not ready for trial within:

"(a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony;

"(b) ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony."

According to the general rules of construction, the statute must be " 'read and given effect as it is written by the Legislature' " and in accordance with the natural and obvious meaning of the statutory words. (*Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 548, quoting *Lawrence Constr. Corp. v State of New York*, 293 NY 634, 639; McKinney's Cons Laws of NY, Book 1, Statutes §§ 92, 94.) The rules of strict construction, however, cannot be applied without regard to the "general statutory scheme, the circumstances of the statute's enactment or the nature of the result dictated by strict adherence to a section's language." (*People v Davis*, 195 AD2d 1, 4, *lv denied* 83 NY2d 871.)

 Nowhere does the statute state that the time in which the People must be ready is determined by the level of offense charged at the commencement of the action. Had the Legislature so intended it could easily have provided such language. While CPL 1.20 (17) specifies clearly that the filing of the first accusatory instrument triggers the commencement of a criminal action for speedy trial purposes, it in no way suggests that the first accusatory instrument determines which time period applies. Thus, the phrase, "commencement of a criminal action" is used only as a starting point for the People's time to be ready. The determinative factor is not the initial charge but the level of crime with which the defendant is ultimately "accused" and for which he is prosecuted.

In the instant case, defendant was notified at his Criminal Court arraignment that the misdemeanor charges would be submitted to a Grand Jury for prosecution as felonies. Thus, he knew from the action's commencement that he would be "accused of * * * a felony"; he was originally charged with misdemeanors only because of the People's belated access to his prior conviction record of driving while intoxicated, which elevated the charges to felony status.

In arguing that the 90-day misdemeanor time period applies, defendant points to CPL 30.30 (5) (c), which provides that where an action is commenced by the filing of a felony complaint which is subsequently replaced with or converted to an "information, prosecutor's information or misdemeanor complaint * * * or a prosecutor's information is filed * * * the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument."* Defendant reasons that since the Legislature provided for a modification of the time to be ready based on a reduction of charges, the failure to enact a corresponding provision when the charges have been upgraded is an intentional one and the People's obligation to be ready for trial within 90 days of the commencement of the criminal action remains unchanged.

While the statute is silent with respect to the specific situation here, the provisions of CPL 30.30 (5) (c) hardly support defendant's position. By this enactment, the Legislature, despite the level of the offense charged in the original accusatory

---

* If the aggregate time exceeds six months, the People are entitled to six months from the date of the filing of the original felony complaint.

instrument, has generally given the People an additional 90 days to be ready from the time of a reduction of a felony charge to a misdemeanor. Thus, the Legislature has rejected a rigid fixing of the People's time to be ready based on the level of the offense originally charged, which is what defendant advocates here. Instead, it opted for a more flexible time period based on the offense with which the defendant is ultimately, or at the time of reduction, "accused". (*See,* CPL 30.30 [1] [a].) The more flexible approach is certainly called for here, where the People had no control over the receipt of the information necessary to charge the felony. They acted at the first available opportunity to advise defendant of their intention to present his case to a Grand Jury. Thus, defendant knew from his initial arraignment that he faced felony charges.

Defendant relies heavily on *People v Tychanski* (78 NY2d 909). There, the defendant, originally arraigned on a felony complaint which was superseded by a misdemeanor indictment, argued that, pursuant to CPL 30.30 (5), the People were required to be ready within 90 days of the filing of the misdemeanor indictment because of the reduction of the charges. The Court of Appeals rejected the argument, holding that since CPL 30.30 (5) (c) did not list misdemeanor indictments as one of the accusatory instruments that would trigger application of the shorter time period, the Legislature must have intended to exclude them. Thus, the six-month period applied.

While *Tychanski* is consistent with defendant's argument that, absent circumstances rendering CPL 30.30 (5) (c) applicable, the pertinent readiness period is determined by the nature of the original accusatory instrument, it appears more likely that *Tychanski* was decided on its particular facts. Indeed, this Court, in *People v Davis* (195 AD2d, *supra,* at 7), interpreted the *Tychanski* holding as a peculiarity of the fact that the defendant there was prosecuted by a misdemeanor indictment, which is "calendared in Supreme Court and handled procedurally like a felony, while a misdemeanor complaint and prosecutor's information * * * are disposed of in Criminal Court."

Here, defendant's case, from a procedural viewpoint, proceeded as any other felony. Arraigned in the Criminal Court on a complaint, albeit one charging misdemeanors, he was given notice that his case would be presented to a Grand Jury for prosecution as a felony and, when he was subsequently indicted, his case was removed to the Supreme Court, where he was "accused of * * * a felony" (CPL 30.30 [1] [a]) and prose-

cuted accordingly. Thus, defendant knew from the outset that he would ultimately face felony charges. And, since there is nothing in the statute which so much as hints that the initial complaint fixes the speedy trial time, defendant could not have expected to benefit from the fact that the initial accusatory instrument charged misdemeanor level offenses. To adopt defendant's statutory interpretation would create a situation in conflict with the Legislature's intent to allow the People in cases prosecuted in the Supreme Court six months in which to answer ready for trial. (*See, People v Tychanski,* 78 NY2d 909, *supra; People v Davis,* 195 AD2d 1, *supra.)*

Defendant also cites *People v Lomax* (50 NY2d 351) and *People v Osgood* (52 NY2d 37) as holding that the People's speedy trial obligations are governed by the level of the crimes charged in the initial accusatory instrument. Neither of these cases reached that issue. The issue in both was whether a criminal action is commenced when the first accusatory instrument is filed and whether speedy trial time is tolled by a dismissal of a felony complaint. The Court held that there can be only one criminal action for each set of accusatory instruments filed for the same crime and thus only one date upon which such action could have been commenced. (*People v Lomax, supra,* at 356; *People v Osgood, supra,* at 43.) Such a holding is not determinative of the issue of the People's time to be ready with respect to an offense initially charged as a misdemeanor and later elevated to a felony.

Defendant argues that this Court, in *People v Williams* (141 AD2d 402), found the 90-day period to be applicable where felony charges were reduced to misdemeanors, even though a Grand Jury later returned an indictment charging the defendant with felonies. After the reduction of charges, the defendant absconded and a bench warrant was issued. He was thereafter rearrested on an unrelated felony and subsequently indicted with respect to both sets of charges. In reviewing the defendant's speedy trial claim with respect to the earlier charges, this Court, noting that once the charges had been reduced the People had 90 days to answer ready for trial, remanded the matter for findings as to "whether 90 days were chargeable to the People prior to the presentation of those charges to a Grand Jury" (*supra,* at 403). While not specifically ruling on the time period applicable after the elevation of the charges, this Court, by so framing the issue, implied that if the case were not dismissed because of the lapse of 90 days chargeable to the People before the filing of the indictment, the People

would have additional time in which to answer ready for trial in the prosecution of the new charges.

In a more recent case, *Matter of Chang v Rotker* (155 AD2d 49, 58), the Second Department held that a speedy trial dismissal of a misdemeanor prosecution would not bar the subsequent prosecution of felony charges arising out of the same criminal transaction "because the indictment includes charges * * * subject to speedy trial deadlines which are longer than those [that] governed the misdemeanors contained in the prior accusatory instrument". By such reasoning, with which we agree, the Court recognized that the People's speedy trial obligations are determined, not by the charges contained in the initial accusatory instrument, but by those in the instrument under which the defendant is ultimately prosecuted. Accordingly, we hold that the People had six months from the filing of the initial accusatory instrument in which to answer ready for trial. Thus, defendant's speedy trial motion was properly denied.

■ In his due process claim, defendant argues that material evidence provided by the People's expert in administering a breathalyzer and reading its test results was contradicted by scientific evidence and was therefore patently false and unreliable. In that regard, defendant asserts that the expert falsely testified that certain physiological factors, i.e., the presence of alcohol in the mouth or the temperature of the breath, would not affect a breathalyzer reading. Close examination of the record reveals that the expert testified that defendant had been observed for 20 minutes before testing to make sure that nothing entered his mouth but that if something had, it would affect the result. When asked if the presence of alcohol under defendant's dentures would affect the result, the expert responded in the negative, undoubtedly taking into account the fact that defendant had been observed before testing or that such a minimal amount of alcohol would not affect the reading. Whatever the case, there is no evidence that this testimony was false.

Moreover, defendant never objected to any portion of the expert's testimony on the ground that it was misleading or false in any respect. Nor did he seek to present the testimony of an expert or admit scientific studies as to the breathalyzer. Instead, he cross-examined the expert on a few aspects of his testimony and then argued in summation that the breathalyzer result was likely mistaken. In such circumstances, defendant has failed to preserve his present arguments for appellate review. (*See, People v Gray*, 86 NY2d 10.)

To avoid the lack of any evidentiary support for this claim, defendant asks this Court to take judicial notice of the treatise, Edwin, Defense of Drunk Driving Cases (3d ed), and the authorities cited in *State v Downie* (117 NJ 450, 569 A2d 242 [1990], *cert denied* 498 US 819), which, he insists, demonstrate that the expert's testimony was fundamentally flawed. While this Court has recognized a willingness in extreme situations to depart from the well-established principle of limiting appellate review to the facts contained in the record (*see, Gintell v Coleman*, 136 AD2d 515, 517), this is not such a case. The type of evidence which defendant asks us to take judicial notice of is not information so commonly acknowledged and accepted or so capable of ascertainment by reference to an undisputably accurate source that it can be received without subjecting it to cross-examination and rebuttal. (*See,* Richardson, Evidence §§ 8, 9 [Prince 10th ed].) It should be noted in this connection that defendant's authorities never conclusively show that the cited factors undermine breathalyzer test reliability. More importantly though, acceptance of defendant's argument would result in the elimination of any incentive on a defendant's part to investigate his case thoroughly, cross-examine an expert or call his own expert, if necessary. In such case, a defendant could, after the trial's conclusion, find scientific opinion which differed from that of the People's experts, introduce them on appeal and secure a reversal on the ground of the use of materially false and unreliable testimony. Such a result would make a mockery of the criminal justice system.

Moreover, we are satisfied that, even without the breathalyzer results, the combination of the evidence of defendant's incompetence behind the wheel—the illegal U-turn and the ensuing accident—and the testimony of three police witnesses and one civilian, who spoke with defendant at the scene and who all arrived at the conclusion that he was intoxicated, based on the smell of alcohol on his breath, his slurred speech and unsteadiness on his feet, as well as his own admission that he had ingested alcohol earlier that evening, would have led the jury to the conclusion that defendant was intoxicated.

We have examined defendant's other contentions and find that they are without merit.

Accordingly, the judgment of the Supreme Court, New York County (Alfred Kleiman, J.), rendered May 28, 1993, convicting defendant, after a jury trial, of driving while intoxicated as a felony, and sentencing him to five years' probation, the condi-

tions of which included, *inter alia*, the payment of a $1,000 fine, should be affirmed.

ROSENBERGER, WALLACH, KUPFERMAN and WILLIAMS, JJ., concur.

Judgment, Supreme Court, New York County, rendered May 28, 1993, unanimously affirmed.