■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARABELLA V. LUCATUORTO, Appellant. [690 NYS2d 794] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review her contention that County Court erred in requiring her to forfeit life insurance proceeds upon her conviction of criminally negligent homicide in connection with her husband's death. Moreover, the record fails to support defendant's contention that the court awarded those proceeds to the victim's family. Defendant contends that her statements should be suppressed because she was taken illegally from her residence without an arrest warrant (*see, Payton v New York,* 445 US 573). That contention is raised for the first time on appeal and therefore is not preserved for our review (*see,* CPL 470.05 [2]). In any event, it is lacking in merit. Contrary to defendant's contention, the court did not err in determining that certain statements were made before defendant was in custody (*see, People v Centano,* 76 NY2d 837; *People v Yukl,* 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851) and that the inculpatory statements were made after a knowing, intelligent and voluntary waiver of her rights (*see, People v Williams,* 62 NY2d 285, 288). Great weight must be accorded the finding of the suppression court that defendant's will was not overborne by psychological pressure, and that finding is not clearly erroneous (*see, People v Prochilo,* 41 NY2d 759, 761; *see also, People v Linderberry,* 215 AD2d 867, 868-869, *lv denied* 86 NY2d 844).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the conviction of criminally negligent homicide (*see, People v Bleakley,* 69 NY2d 490, 495). Furthermore, although a different view of the evidence would not have been unreasonable, we decline to set aside the verdict as against the weight of the evidence because the record does not reflect that "the trier of fact has failed to give the evidence the weight it should be accorded" (*People v Bleakley, supra,* at 495).

Defendant contends that the court erred in admitting the testimony of the People's expert who did not perform the

autopsy. That contention is without merit (*see, People v Miller,* 239 AD2d 787, 788-789, *affd* 91 NY2d 372). Defendant further contends that the failure of the court to announce its verdict on the charge of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) in a timely manner requires reversal of that conviction. That contention is not preserved for our review (*see,* CPL 470.05 [2]). Were we to review it, we would determine that it was permissible for the court to correct its omission and announce its verdict on that count several days after the conclusion of the bench trial because "trial courts in criminal cases have the general inherent authority to correct their own mistakes" (*Matter of Van Leer-Greenburg v Massaro,* 87 NY2d 996, 998). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Criminally Negligent Homicide.) Present— Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.