OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously affirmed.
Section 87-45 of the Huntington Town Code provides that a violation of article 87 shall constitute a misdemeanor punishable by a fine of not more than $1,000 or imprisonment not exceeding six months or both. Violations of article 153 of the code are deemed offenses (Huntington Town Code § 153-18 [A]). Thus, the People were required to be ready for trial within 90 days of commencement of the action (CPL 30.30 [1] [b]). Generally, an action commences for speedy trial purposes upon the filing of the first accusatory instrument {see CPL 1.20 [16], [17]; 100.05; People v Stirrup, 91 NY2d 434 [1998]; People v Lomax, 50 NY2d 351 [1980]). For speedy trial purposes, an exception to the rule exists with regard to those defendants issued appearance tickets {see CPL 30.30 [5] [b]). Specifically, CPL 30.30 (5) (b) provides that “where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first, appears in a local criminal court in response to the ticket.” In such instances, the speedy trial clock begins to run when defendant first appears in court even if the People do not file an accusatory instrument (see People v Stirrup, 91 NY2d at 438-439; People v Parris, 79 NY2d 69, 71 [1992]; People v Kwan Han, 166 Misc 2d 246 [1995]).
In the case at bar, defendant failed to appear on the return date set forth on the appearance ticket, i.e., September 13, 2001. Although the People filed the requisite informations on September 4, 2001, the People’s time for speedy trial purposes did not begin to run until February 28, 2002, the date defen *101 dant first appeared in court (see CPL 30.30 [5] [b]; see also People v Parris, 79 NY2d at 71). On said date, the People announced their readiness and defendant was arraigned on the in-formations. In view of the foregoing, defendant’s contention that his CPL 30.30 rights were violated is without merit.
Defendant’s contention that the evidence seized upon execution of the search warrant should be suppressed on the ground that it was obtained in violation of the Aguilar-Spinelli test is also without merit. The two-pronged Aguilar-Spinelli test, i.e., knowledge and veracity, is applicable to probable cause determinations when evaluating hearsay informations from undisclosed informants (People v Wilkinson, 5 AD3d 512 [2004], lv denied 2 NY3d 809 [2004]). Here, the informant, defendant’s tenant, provided the People with an affidavit together with a copy of the lease signed by defendant. The foregoing was submitted together with other documents to the court in support of the application for the search warrant. Since the court was presented with sufficient probable cause to issue a warrant authorizing a search of the lower level of the premises, the evidence obtained as a result of the search was admissible at trial.
The other issues raised by defendant on this appeal were also fully considered and found to be without merit.
Rudolph, PJ., McCabe and Covello, JJ., concur.