■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD COPEMAN, Appellant. [861 NYS2d 504]—

Kavanagh, J. Appeal from an order of the County Court of St. Lawrence County (Rogers, J.), entered January 12, 2006, which vacated a prior order of the court and reinstated the indictment.

In January 1996, defendant entered a plea of not responsible by reason of mental disease or defect (*see* CPL 220.15) to the crimes of attempted kidnapping in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the fourth degree. As a result of this plea, and following a psychiatric examination performed pursuant to CPL 330.20 (2), County Court (Nicandri, J.) found that defendant suffered from a dangerous mental disorder (*see* CPL 330.20 [1] [c]) and committed him to the custody of the Commissioner of Mental Health for confinement in a secure facility.

In September 2004, counsel for defendant moved to vacate defendant's plea pursuant to CPL 440.10 (1) (e), claiming that defendant's mental state was such at the time he entered his plea that he did not fully appreciate the consequences nor understand the implications of entering such a plea. Alternatively, he argued that the plea should be vacated in the interest of justice pursuant to CPL 440.10 (3). While no decision on this motion was ever issued,[1] the People appeared at a status conference in July 2005[2] and—apparently unaware that defendant had previously entered a plea of not responsible by reason of mental disease or defect—informed County Court (Rogers, J.) that it was their position that defendant's mental condition had substantially improved since the inception of these proceedings and, given the amount of time that he had already been incarcerated, the interest of justice required that the indictment be dismissed. County Court granted the People's motion and executed an order dismissing the indictment.

Thereafter, Mental Hygiene Legal Service (hereinafter MHLS), in its capacity as counsel for defendant, informed the

---

1. It cannot be determined from examination of the record if this motion was ever withdrawn.

2. Defendant and his counsel were not present.

Office of Mental Health (hereinafter OMH) that the indictment had been dismissed and sought a decision from OMH regarding defendant's legal status; namely, whether OMH believed that defendant should be committed to its care and custody pursuant to CPL 330.20 or released. When no response was received, defendant moved by order to show cause to dismiss OMH's pending application for a subsequent retention order and asked that an order be issued directing his immediate release from the Commissioner's custody. OMH opposed the application on the ground that the indictment was not pending when County Court issued the order dismissing it, and cross-moved for an order directing that the documents relative to defendant's plea in the criminal matter be unsealed.

Upon its initial review of these competing applications, County Court concluded that it had erred by dismissing the indictment, vacated the order and reinstated the indictment. It determined that when defendant entered his plea of not responsible by reason of mental disease or defect, proceedings pursuant to CPL 330.20 were automatically commenced and, as a result, the indictment at the time the court entered its dismissal order was not pending before it. The parties then withdrew their respective applications and County Court issued an order directing the Commissioner "to terminate . . . defendant's in-patient status without terminating" OMH's responsibility for him. Defendant now appeals the order vacating the prior order dismissing the indictment.

The crux of defendant's contention on appeal is that since no sentence was imposed, and a conviction does not result from the entry of a plea of not responsible by reason of mental disease or defect, such a plea does not constitute a final judgment and, therefore, County Court had authority to dismiss the indictment. However, once such a plea is entered and accepted by the court, it has the effect of "terminat[ing] the criminal proceeding and initiat[ing] commitment proceedings of a civil nature" (*People v Davis*, 195 AD2d 1, 5 [1994], *lv denied* 83 NY2d 871 [1994]; *see* CPL 220.15 [6]). "The effect of a plea entered pursuant to CPL 220.15 on the prosecution of a criminal matter is functionally the same as that of a guilty plea" and "is equivalent to a verdict finding the accused not responsible by reason of a mental disease or defect" (*People v Davis*, 195 AD2d at 5; *see* CPL 220.15 [3] [f]). Once a plea is accepted and recorded, all subsequent proceedings are governed by CPL 330.20 (*see Matter of Lockett v Juviler*, 65 NY2d 182, 185 [1985]), and County Court, at that point in the proceedings, had no authority upon which it could base its decision to dismiss the indictment.

Moreover, we disagree with defendant's argument that County Court's action in dismissing the indictment served, in effect, to vacate his plea. The People did not move to have defendant's plea withdrawn but, rather, moved to dismiss an indictment that they believed was still pending in County Court. Given that County Court's dismissal of the indictment was a nullity, the status of the proceedings that existed at the time it took that action was fully restored, and defendant's plea of not responsible by reason of mental disease or defect remains in full force and effect (*see* CPL 220.60 [3]; *Matter of Lockett v Juviler*, 65 NY2d at 186; *People v Davis*, 195 AD2d at 5). Further, inasmuch as "trial courts in criminal cases have the general inherent authority to correct their own mistakes" (*People v Lucatuorto*, 261 AD2d 931, 932 [1999], *lv denied* 93 NY2d 927 [1999], quoting *Matter of Van Leer-Greenberg v Massaro*, 87 NY2d 996, 998 [1996]; *see People v Bartley*, 47 NY2d 965, 966 [1979]; *cf. People v Minaya*, 54 NY2d 360, 364 [1981], *cert denied* 455 US 1024 [1982]), we disagree with defendant's claim that County Court lacked jurisdiction to vacate its order dismissing the indictment. Finally, to the extent that defendant argues that his plea should be vacated—an application that the People do not oppose—County Court is the proper court to determine, assuming an appropriate application is made, if that relief should be granted.

Mercure, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed.