■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD COPEMAN, Appellant. [909 NYS2d 815]—

Kavanagh, J. Appeal from an order of the County Court of St. Lawrence County (Rogers, J.), entered May 29, 2009, which denied defendant's motion to withdraw his plea of not responsible by reason of mental disease or defect.

Defendant pleaded not responsible by reason of mental disease or defect to the crimes of attempted kidnapping in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the fourth degree (*see* CPL 220.15). Thereafter, County Court (Nicandri, J.) determined that he suffered from a dangerous mental disorder and committed him to the custody of the Commissioner of Mental Health (*see* CPL 330.20). In 2006, County Court (Rogers, J.) determined

that it lacked authority to dismiss the underlying indictment and we affirmed that order upon appeal (*People v Copeman*, 53 AD3d 854 [2008], *lv denied* 11 NY3d 854 [2008]). Defendant subsequently moved to withdraw his plea pursuant to CPL 220.60 (3), and now appeals from County Court's denial of that motion.

We affirm. A plea of not responsible by reason of mental disease or defect is the functional equivalent of a guilty plea entered in a criminal proceeding, and the same standard applies when a defendant seeks to withdraw it (*see* CPL 220.60 [3]; *People v Copeman*, 53 AD3d at 856; *People v Davis*, 195 AD2d 1, 5-6 [1994], *lv denied* 83 NY2d 871 [1994]). Whether to permit a plea to be withdrawn is a decision to be made by County Court in the sound exercise of its discretion, and a hearing is only required when a genuine question of fact exists as to whether the plea was voluntarily entered (*see People v Shovah*, 67 AD3d 1257, 1257 [2009], *lv denied* 14 NY3d 773 [2010]; *People v Greathouse*, 62 AD3d 1212, 1213 [2009], *lv denied* 13 NY3d 744 [2009]). In that regard, "no abuse of discretion will generally be found in the trial court's denial of a motion to withdraw a plea without a hearing where the court—aware at the plea proceedings of defendant's mental health problems—conducts a thorough inquiry during those proceedings to establish that, despite those deficiencies, defendant understood the nature of the charges and the consequences of the plea" (*People v D'Adamo*, 281 AD2d 751, 752 [2001]; *see People v Lawrence*, 34 AD3d 984, 984 [2006]).

Here, County Court (Nicandri, J.) was aware of defendant's mental health concerns and, during the plea proceedings, elicited from defense counsel that he had spoken with defendant on numerous occasions prior to the plea being entered, found defendant's mental state to have improved significantly since receiving psychiatric treatment and believed that defendant fully understood the ramifications of entering such a plea. During the plea colloquy, defendant identified the medications he was taking to treat his mental condition and acknowledged not only that he felt "fine," but also that he was fully aware of his surroundings. Defendant also confirmed that he had consulted with counsel and understood not only the rights he was giving up by entering the plea, but also that such a plea could lead to his commitment. Nothing said during the plea colloquy gave "the slightest indication that defendant was uninformed, confused or incompetent" (*People v Alexander*, 97 NY2d 482, 486 [2002]). Defendant now claims that the medications he was taking to address his mental condition were inef-

fective and, as a result, he failed to fully appreciate the consequences of such a plea at the time it was entered. Those "unsubstantiated claims of lack of comprehension" are simply not an adequate basis upon which we can conclude that County Court abused its discretion by denying defendant's motion to withdraw his plea (*People v D'Adamo*, 281 AD2d at 752; *see People v Lawrence*, 34 AD3d at 984-985; *People v Totman*, 269 AD2d 617, 618 [2000], *lv denied* 95 NY2d 839 [2000]).

Defendant's remaining argument is not preserved for our review and, in any event, is without merit.

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed.