People v Asuaje (2026 NY Slip Op 50013(U))

[*1]

People v Asuaje

2026 NY Slip Op 50013(U)

Decided on January 6, 2026

Justice Court Of The Village Of Tuckahoe, Westchester County

Fuller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 6, 2026
Justice Court of the Village of Tuckahoe, Westchester County

The People of the State of New York,

againstYosmar Grandillo Asuaje and JOSE A. MORALES, Defendants

Docket No. 2310035

Miriam E. Rocah, District Attorney (Erin Gisolfi, Assistant District Attorney, of Counsel), for Plaintiff
Mathew Perrone and joseph Goubeaud, Attorneys for Defendants

David Otis Fuller, Jr., J.

Here, a switch in prosecutors hid a step in procedure.
The defendants were arraigned on reduced charges of petit larceny (PL 155.25) and criminal possession of stolen property in the fifth degree (PL 165.40) on March 19, 2024. The first prosecutor duly served electronically a CPL 710.30 notice on defense counsel on April 2, 2024.
Defense counsel filed a motion to preclude defendants' statements on October 15, 2024. A second prosecutor conceded on November 26, 2024 that the CPL 710.30 notice had not been given. The court, whose court files on defendants did not include the electronically-filed notice, ordered on December 16, 2024 that the statements be precluded.
On October 20, 2025, the second prosecutor moved for reargument under CPLR 2221(d) to have the statements allowed after she found that the notice had indeed been properly given to defense counsel, and requested that the court vacate its order precluding the defendants' statements.
Defense counsel oppose the motion on the grounds of untimeliness and of being substantively improper stating that the People seek "to correct the prosecution's own failure to file rather than any error by the court" Def. aff., p.1. The record shows that the people did not fail to file, but rather that the second prosecutor had not known that the first prosecutor had, in fact, filed.
The motion must be denied because the motion was filed over thirty days after service of the prior order. CPLR 2221(d)(3). However, the trial court has the authority to correct its own mistakes, including the authority to vacate a prior order. See People v. Copeman. 53 AD3d 854, 857 [2008); Van Leer-Greenberg ex rei Morris v. Massaro, 87 NY2d 996,998 [1996]). Because the CPL 710.30 notice was not in the court files on defendants, the court was mistaken in thinking that the CPL 710.30 notice had not been served. That mistake should be corrected by [*2]vacating the December 16, 2024 order and permitting the People to use the defendants' statements because the People had, in fact, served the CPL 710.30 notice.
Accordingly, the People's motion to reargue is denied, but the court's order of December 16, 2024 is vacated, defendants' motion to preclude is denied, and the defendants' statements are allowed.
It is so ordered.
Dated: January 6, 2026
David Otis Fuller, Jr.
Tuckahoe Village Justice